**GUARANTY COUNTY MUTUAL INSURANCE COMPANY,**
Appellant,

v.

**Fred REYNA, Appellee.**

**No. 04–84–00303–CV.**

Court of Appeals of Texas, San Antonio.

Nov. 13, 1985.

Rehearing Denied Dec. 12, 1985.

G. Allen Ramirez, Lloyd & Lloyd, Alice, for appellant.

John C. Mullen, Alice, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a default judgment in a DTPA case.

On October 26, 1983 appellee, Fred Reyna, filed a Suit for Declaratory Judgment against Guaranty County Mutual Insurance Company, Appellant, and its agent, Trey Bingham. The lawsuit alleged that damage inflicted by vandals to a truck driven by Reyna was covered under his insurance policy with Guaranty and that it had wrongfully denied payment. Bingham and Guaranty filed a general denial, and the parties began to pursue discovery in preparation for trial.

On March 30, 1984, Reyna filed a Motion for Nonsuit but did not provide notice to Guaranty or Bingham. The court granted the motion. That same day Reyna filed a new petition, which was processed under a new cause number, and added a Deceptive Trade Practices claim. Guaranty and Bingham were served with the new petition via certified mail. The record reflects that Jim Craft, claims supervisor at Guaranty, contacted the company's attorney, G. Allen Ramirez, and reported that he received a certified letter stating that Reyna was suing for treble damages under the Texas Deceptive Trade Practices Act. According to Ramirez's testimony, he believed that the DTPA cause of action constituted an amendment to the original lawsuit rather than an entirely new cause of action. Accordingly, he filed no response. A default judgment was rendered, and a nonsuit was taken as to Trey Bingham.

Guaranty filed a Motion for New Trial, alleging accident and mistake (based upon Ramirez's misunderstanding as to the DTPA action), denying any conscious indifference, and setting up a meritorious defense through affidavit and testimony at the hearing. The motion was denied. Guaranty appeals from this adverse ruling, claiming in its single point of error that the trial court abused its discretion in denying the motion.

Guaranty asserts that it has met the required burden in setting aside the default judgment as set forth in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939), and therefore the judgment should be set aside, and the second lawsuit should be reinstated. We agree with Guaranty as to the burden which must be sustained in setting aside a default judgment but conclude that it has not satisfied this burden based upon the guidelines set forth in *Craddock*.

In *Craddock*, the Court held that a default judgment should be set aside and a new trial ordered when defendant's failure to answer was unintentional and not the result of conscious indifference, but rather was the result of accident or mistake. The court further stated that the defendant must "set up" a meritorious defense in his Motion for New Trial and must show that the granting of the motion would cause no delay or otherwise work an injury to the plaintiff. *Craddock v. Sunshine Bus Lines, supra.* Even if Guaranty could establish that it meets the "meritorious defense" and "mistake" requirements (which is subject to dispute according to the record), it has failed to overcome the resulting injury to Reyna if the judgment were set aside. Guaranty contends that it is willing to reimburse Reyna for his costs in taking the default judgment; and therefore, no pecuniary harm will result. While Guaranty may be able to cover the financial losses incurred in taking the default judgment, it cannot circumvent the pecuniary harm caused by the loss of Reyna's cause of action against Bingham, since it is now barred by limitations.

Guaranty claims that under § 17.56A of the Texas Deceptive Trade Practices Act, the cause did not accrue until May 15, 1984, when Reyna "discovered" the alleged deceptive practice. Guaranty further alleges that even if the two year limitation period has run, it has been suspended pending this appeal and Bingham could be joined as a party defendant in the reinstated lawsuit. We disagree.

Limitations barred Reyna's claim against Bingham in May of 1984, since the claim arose in May of 1982 (when Bingham told Reyna that his claim would not be paid). Thus, the two year statute of limitations under the Act bars further action against Bingham. TEX.BUS. & COM. CODE ANN. § 17.56A (Vernon Supp.1985). The critical fact which leads us to this conclusion is that Reyna *nonsuited* Bingham. Case law addressing the issue of suspension of limitations when a nonsuit or other voluntary dismissal is involved, has consistently held that limitations is not tolled during the pendency of a suit voluntarily abandoned by the plaintiff. *Flatonia State Bank v. Southwestern Life Insurance Co.*, 133 Tex. 243, 127 S.W.2d 188, 192, *rev'd on other grounds*, 128 S.W.2d 790 (1939); *see also Dalo v. Laughlin*, 636 S.W.2d 585, 589 (Tex.App.—San Antonio 1982, no writ) (stated abandoned lawsuit equivalent to "voluntary nonsuit" and does not toll limitations). An order of dismissal or voluntary nonsuit places the parties in the position they occupied before the court's jurisdiction was invoked, just as if the suit had never been brought. *Crofts v. Court of Civil Appeals for the Eight Supreme Judicial District*, 362 S.W.2d 101, 104 (Tex.1962) (order of dismissal); *Molinar v. Plains Insurance Co.*, 660 S.W.2d 845, 849 (Tex.App.—Amarillo 1983, no writ) (nonsuit).

Based upon the case law discussed above, it is apparent that Reyna would be deprived of his cause of action against Bingham if the default judgment were set aside. Since Bingham was nonsuited, we must view the present situation as though the DTPA action never existed against Bingham, and since the limitation period has passed, any future action is barred as

to him. Reyna would therefore be precluded from pursuing one potential source of recovery. This certainly represents the type of harm which *Craddock* seeks to avoid.

In its brief and oral argument, Guaranty strongly urges that limitations was tolled pending the appeal of this case and cites two early cases in support thereof. While these decisions held that an appeal suspends limitations until a case is finally decided by an appellate court, neither case involved the taking of a *nonsuit. Orndorff v. State*, 108 S.W.2d 206 (Tex.Civ. App.—El Paso 1937, writ ref'd); *Zanecetti v. City of Fort Worth*, 21 S.W.2d 355 (Tex. Civ.App.—Fort Worth 1929, *rev'd on other grounds*, 29 S.W.2d 958 (Tex.Comm'n App. 1930, holding approved). In the present case, Reyna was granted a nonsuit as to Trey Bingham, a crucial factor lacking in the cases cited by Guaranty, and its emphasis on these cases is therefore misplaced.

We overrule Guaranty's point of error and affirm the judgment of the trial court.

CANTU, Justice, dissenting.

*Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939) holds that a default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

The majority concludes that the granting of a new trial to appellant will work an injury to the appellee because he can no longer pursue his cause of action against Bingham. I cannot agree that such is the type of injury contemplated by *Craddock*.

In my opinion the injury alluded to by *Craddock* consists of missing witnesses and failure to offer reimbursement for costs. *See Stone Resources, Inc. v. Barnett*, 661 S.W.2d 148 (Tex.App.—Houston [1st Dist.] 1983, no writ); *Southwestern Speciality Co. v. Brown*, 188 S.W.2d 1002 (Tex.Civ.App.—San Antonio 1945, writ ref'd w.o.m.). Mere inconvenience or a possible injury is not sufficient. *See* for example, *Kirk v. Farmer's Aerial Spraying Service, Inc.*, 496 S.W.2d 739 (Tex.Civ.App. —Amarillo 1973, no writ), wherein the court determined that a loss of priority in filing an abstract of judgment was an insufficient injury to bar a retrial after a default judgment. To these I would add "self-inflicted injuries."

The instant case reflects a history of poor procedural choices by appellee, some capable of causing confusion to opposing counsel.

The original lawsuit against appellant and Bingham sought a declaratory judgment declaring the rights of the parties upon an insurance policy. No recovery was sought against Bingham. This suit alleged no other cause of action and was dismissed by appellee on March 30, 1984, two days prior to the expiration of a two year statute of limitations.[1] No notice was ever given appellant or Bingham of the dismissal. *See* TEX.R.CIV.P. 162, 21a, 72.

The very same day appellee filed a new lawsuit under a new cause number, this time foregoing his suit for declaratory judgment and alleging only a deceptive trade practices claim.[2]

Service of citation in this new lawsuit was accomplished by serving appellant through its registered agent in Beaumont by certified mail. *See* Rules 106, 107.[3]

Service of citation upon Bingham is not disclosed by the record. However, testimo-

---

**1.** At the motion for new trial hearing counsel for appellee argued that the cause of action arose on or about April 1, 1982.

**2.** The majority alludes to an addition of a DTPA claim, but in reality the DTPA claim is the only claim made under the new suit.

**3.** All references to the rules are to the Texas Rules of Civil Procedure.

ny at the motion for new trial hearing reveals that at the time the dismissal was taken as to Bingham, Bingham's appearance day had not yet arrived.

It is clear that appellee could have amended his original pleadings to include a DTPA claim against both appellant and Bingham without the need for filing a new lawsuit. *See* Rules 62, 63.

Moreover, once the original lawsuit was dismissed and the new one instituted, appellee was under no obligation to dismiss his cause of action against Bingham in order to take a default judgment against appellant. Rule 41 provides that any claim against a party may be severed and proceeded with separately. Thus appellee could have secured its default judgment against appellant without need to dismiss against Bingham.

Inasmuch as appellee elected not to seek a severance, his choice of dismissal, if it has indeed had the effect of barring his claim against Bingham, must be deemed a deliberate one. Any injury flowing from such election, in my opinion, is a self-inflicted one and not such an injury as could have been occasioned by appellant's failure to answer timely. I would hold that the trial court abused its discretion in not setting aside the default judgment and granting a new trial. I register my dissent to the holding of the majority.