IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20728
Summary Calendar
_____

WENDY WRIGHT, ET AL.,

                                                        Plaintiffs,

WENDY WRIGHT,

                                            Plaintiff-Appellant,

                            versus

STATE OF TEXAS, ET AL.,

                                        Defendants-Appellees,

STATE OF TEXAS; PLANNED PARENTHOOD OF HOUSTON AND SOUTHEAST TEXAS,
INC.; HOUSTON WOMEN'S CLINIC, INC.; WOMEN'S PAVILION INC.; WOMEN'S
MEDICAL CENTER OF NORTHWEST HOUSTON; AAA CONCERNED WOMEN'S CENTER,
INC.; AARON'S FAMILY PLANNING CENTER OF HOUSTON, INC.; DOWNTOWN
WOMEN'S CENTER, INC.; WEST LOOP CLINIC; MEDICAL CENTER WOMEN'S
CLINIC; SUBURBAN WOMEN'S CLINIC; O'CONNOR & COMPANY, doing business
as Adkins Architectural Antiques; BRIAN G. MARTINEZ, D.D.S.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Texas
USDC No. CA-H-94-2755
_____

May 14, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Wendy Wright, proceeding pro se, appeals the dismissal of her complaint, which was dismissed on the basis that her claims were res judicata because they had been adjudicated in state court. Wright contends that the state court judgment was void because the state court judge conspired with the defendants against her and the other district court plaintiffs. She also contends that the district court action was not res judicata because there was no final judgment on the merits of the state court action; because the state court grant of summary judgment did not dispose of claims as to which there were material factual issues; because new claims were raised in the federal action that could not have been raised in the state court action; and because the plaintiffs raised claims in their federal action that were new and independent from their state court action.

We will not consider the allegations Wright makes for the first time on appeal about the state court judge's personal and professional relationships with the attorneys for the defendants. Resolution of those allegations would require us to make factual determinations. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). The allegations that the state court judge conspired with the defendants solely because she favors legalized abortion are conclusional and are insufficient to support a claim under 42 U.S.C. § 1983. Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992).

With the exception of her conspiracy argument, Wright does not brief her res judicata contentions beyond merely stating them; she has failed to brief those contentions and has therefore abandoned them. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). However, because the following issues were raised by the appellees and responded to by Wright, we will proceed to address them. Stephens v. C.I.T. Group/Equipment Financing, Inc., 955 F.2d 1023, 1026 (5th Cir. 1992).

First, Wright was a party to the state court action when the state court granted summary judgment on most of the plaintiff's claims. Wright's contention that her later dismissal from the lawsuit rendered the summary judgment against her without effect is incorrect.

Second, assuming that the plaintiffs' state court malicious prosecution and § 1983 claims were nonsuited without prejudice, as they alleged in the district court, those claims would not be barred as res judicata in a federal action. See KT Bolt Mfg. Co. v. Texas Elec. Coops., 837 S.W.2d 273, 275 (Tex. Ct. App. 1992). Because the plaintiffs' conspiracy allegations against the state court judge were insufficient to state a § 1983 claim, they are insufficient to support claims of state action against the remaining defendants, none of whom are otherwise state actors. Hobbs v. Hawkins, 968 F.2d 471, 480 (5th Cir. 1992). Additionally, the plaintiffs' state law malicious prosecution action was barred by the applicable one-year statute of limitations. Patrick v.

<u>Howard</u>, 904 S.W.2d 941, 943-44 (Tex. Ct. App. 1995); <u>Guaranty County Mut. Ins. Co. v. Reyna</u>, 700 S.W.2d 325, 327 (Tex. Ct. App. 1985); TEX. CIV. PRAC. & REM. CODE ANN. § 16.002(a)(West supp. 1996). Finally, the appellees' motions for sanctions against Wright are DENIED.

The judgment of the district court is therefore

A F F I R M E D.