Affirmed and Memorandum Opinion filed April 13, 2004









Affirmed and Memorandum Opinion filed April 13, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00816-CV

____________

 

DOROTHY COOK, Appellant

 

V.

 

EDWARD H. WITHERS,
M.D.,
Appellee

 



 

On Appeal from the 215th
Judicial District

Harris County, Texas

Trial Court Cause No. 03-24730

 



 

M E M O R A N D U M   O P I N I O N

Dorothy Cook appeals the trial court=s grant of summary
judgment in favor of Edward H. Withers, M.D. on her claims of medical
negligence and breach of contract.  By
two points of error, Cook contends the trial court erroneously granted summary
judgment because (1) her breach of contract claim does not fall within the
constraints of the Medical Liability and Insurance Improvement Act and (2) the
statute of limitations does not bar her claims. 
We affirm.

 








Factual and Procedural Background

In the fall of 2000, Cook consulted
Withers regarding surgery to remove and replace a ruptured breast implant as
well as perform a full abdominoplasty. 
Withers performed the surgery on October 25, 2000, and thereafter
complications arose requiring Cook to undergo another surgery.  Cook claims the second surgery was a
corrective procedure to cure defects from the first surgery, which were caused
by Withers=s negligence.  Additionally, Cook claims Withers did not
replace the ruptured implant or perform a complete abdominoplasty.          Cook initially filed a lawsuit on
January 6, 2003 against Withers, individually, and his professional practice,
alleging only a medical malpractice claim. 
Cook filed a voluntary nonsuit on May 6, 2003 after the trial court
ordered Cook to post a $7500 bond for each defendant.  On May 8, 2003, Cook filed this lawsuit
against only Withers, individually, alleging medical malpractice.  Withers filed a motion for summary judgment,
claiming limitations expired on January 8, 2003.  Cook filed an amended petition
contemporaneously with her response to Withers=s summary judgment
adding an additional cause of action for breach of contract.  In her response, Cook also claimed the
statute of limitations had not expired before the filing of her second lawsuit
because the statute of limitations was tolled during the pendency of the
initial lawsuit.

Withers filed a reply to Cook=s response to
summary judgment arguing the additional breach of contract claim was nothing
more than an attempt to disguise her medical malpractice claim to avoid
application of the stringent statute of limitations for medical liability
claims.  The trial court agreed, and
dismissed all of Cook=s claims. 
By this appeal, Cook contends the trial court erred in dismissing all of
her claims because the statute of limitations had not expired at the time of
filing the second lawsuit and her breach of contract claim is separate and
distinct from the medical malpractice claim. 


 

 








I.        Standard
of Review

The movant for summary judgment has the
burden to show there is no genuine issue of material fact and it is entitled to
judgment as a matter of law.  Nixon v.
Mr. Prop. Mgmt. Co., Inc., 690 S.W.2d 546, 548 (Tex. 1985).  When a defendant moves for summary judgment
on an affirmative defense, the defendant, as movant, bears the burden of
proving each essential element of that defense as a matter of law.  See City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 678 (Tex. 1979). 
We take all evidence favorable to the nonmovant as true, indulge every
reasonable inference in favor of the nonmovant, and resolve any doubts in its
favor.  KPMG Peat Marwick v. Harrison
County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  Thus, a party moving for summary judgment on
the basis of limitations must conclusively establish the bar of
limitations.  Id.  If the nonmovant raises a fact issue
suspending limitations, the movant must conclusively negate these facts to show
its entitlement to summary judgment.  Id.
 To determine whether the statute of
limitations is applicable, we examine the substance of the pleadings rather
than a mere allegation of a cause of action. 
Shannon v. Lay-Yone, 950 S.W.2d 429, 434 (Tex. App.CFort Worth 1997,
writ denied).      

II.       Nature
of the Claims Asserted

By her first point of error, Cook claims
the trial court erred in granting summary judgment on her breach of contract
claim because (1) Withers=s motion for summary judgment did not
address the breach of contract claim and (2) the breach of contract claim was a
separate and distinct cause of action from the medical malpractice claim.  Cook=s first allegation
fails because Whithers, in his reply to Cook=s response,
directly addressed Cook=s addition of the breach of contract cause
of action by arguing the breach of contract claim was, in actuality, a health
care liability claim.  Thus, the trial
court could consider whether the claims asserted by Cook were, in actuality, a
health care liability claim, and therefore subject to the statute of
limitations.  Tex. R. Civ. P. 166a(c). 








Whithers contends Cook=s breach of
contract claim is nothing more than a recharacterization of her previously
pleaded medical negligence claim, and thereby subject to the Medical Liability
and Insurance Improvement Act (AMLIIA@).  However, in order to determine whether the
breach of contract cause of action falls within the MLIIA, the cause of action
must meet the MLIIA=s definition of a Ahealth care
liability claim@:

>Health care liability claim= means a cause of action against a
health care provider or physician for treatment, lack of treatment, or other
claimed departure from accepted standards of medical care or health care or
safety which proximately results in injury to or death of the patient, whether
the patient=s claim or cause of action sounds
in tort or contract.

Act of May 30, 1977, 65th Leg., R.S., ch. 817, sec.
1.03, 1977 Tex. Gen. Laws 2039, 2041 (repealed and recodified 2003) (current
version at Tex. Civ. Prac. & Rem.
Code Ann. ' 74.001 (Vernon Supp. 2004)) (emphasis
added).  Our inquiry is not focused on
the pleadings; rather we must look to the underlying nature of the claim
asserted to determine whether that claim is in fact a health care liability
claim.  MacGregor Med. Ass=n v. Campbell, 985 S.W.2d 38,
40 (Tex. 1998) (per curiam).  Thus, we
look to the specific factual allegations in the petition to determine whether
Cook=s breach of
contract claim is based upon a claimed departure from the accepted standards of
medical care.  See Gormley v. Stover,
907 S.W.2d 448, 450 (Tex. 1995); Sorokolit v. Rhodes, 889 S.W.2d 239,
242 (Tex. 1994).  AIf the cause of
action is based on the physician=s breach of the
accepted standard of medical care, the cause of action is nothing more than a
health care liability claim, no matter how the plaintiff labels it.@  Savage v. Psychiatric Inst. of Bedford,
Inc., 965 S.W.2d 745, 751 (Tex. App.CFort Worth 1998,
pet denied).  Thus, a party may not
recast a health care liability claim in an effort to avoid application of the
MLIIA.  Campbell, 985 S.W.2d at
40.  Likewise, a cause of action that
does not involve a departure from accepted standards of medical or health care
is not covered by the MLIIA.  Id.  








          In her First Amended Original Petition,
filed on June 12, 2003, Cook for the first time asserts a breach of contract
claim against Withers.  The basis of her
claim is that Withers did not insert the replacement implant and did not
complete the abdominoplasty as promised and agreed upon.  However, by looking to the facts, as
described by Cook, her claims materialized after Aserious and gross
complications arose as a result of the surgeries and Withers= [sic] negligence.@  According to Cook, the Adefects brought
about by Withers= [sic] acts and omissions@ caused her to
sustain serious and severe injuries. 
Indeed, Cook=s first factual assertion is that the Adamages due and
owing to Cook [result] because of injuries she sustained due to Withers= [sic] medical
negligence.@  

Cook=s allegations are
replete with assertions that Withers=s conduct fell
below the acceptable standards of medical care. 
Cook plainly states that the alleged improper and unprofessional
treatment by Withers caused her injuries and damages. Here, the claims asserted
by Cook cannot arise from anything other than Withers=s alleged
negligent conduct regarding the abdominoplasty and the failure to replace the
ruptured implant because the claims are an inseparable part of the rendition of
medical services.  See Ruiz v.
Walgreen Co., 79 S.W.3d 235, 239 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).  Cook=s claims are based
on Withers=s alleged failure to complete the
operation, which requires a determination of whether Withers=s conduct fell
below the accepted standard of care provided by medical professionals.  Cook=s untimely
allegation of breach of contract is nothing more than an attempt to recast her
health care liability claim as a breach of contract claim.  Because Cook=s breach of
contract claim actually asserts a departure from accepted standards of medical
care, her claim is a health care liability claim subject to the provisions of
the MLIIA.  Accordingly, Cook=s first point of
error is overruled.   

III.      Statute
of Limitations








In her second point of error, Cook
contends the two year statute of limitations does not bar her claims because
limitations were tolled during the pendency of her first lawsuit.  However, Cook voluntarily nonsuited her
claims against Withers after limitations had run.  When a cause of action is nonsuited and later
refiled, limitations are calculated to run from the time the cause of action
accured until the date that claim is refiled. 
Yanez v. Milburn, 932 S.W.2d 725, 728 (Tex. App.CAmarillo 1996,
writ denied); Guar. County Hosp. Ins. Co. v. Reyna, 700 S.W.2d 325, 327
(Tex. App.CSan Antonio 1985), writ ref=d n.r.e., 709 S.W.2d 647
(Tex. 1986) (per curiam); Irwin v. Basham, 507 S.W.2d 621, 625 (Tex.
Civ. App.CDallas 1974, writ ref=d n.r.e.); see
also Cunningham v. Fox, 879 S.W.2d 210, 212 (Tex. App.CHouston [14th
Dist.] 1994, writ denied) (dismissal following grant of summary judgment); Delhomme
v. Comm=n for Lawyer Discipline, 113 S.W.3d 616,
621 (Tex. App.CDallas 2003, no pet.) (voluntary dismissal
of grievance complaint did not toll limitations);  Clary Corp. v. Smith, 949 S.W.2d 452,
459 (Tex. App.CFort Worth 1997, pet. denied) (dismissal for
want of jurisdiction); Milestone Props., Inc. v. Federated Metals Corp.,
867 S.W.2d 113, 119 (Tex. App.CAustin 1994, no
writ) (dismissal for want of prosecution). 
A nonsuit is equivalent to a suit never having been filed; thus, the
statute of limitations is not tolled for any newly filed pleadings.  Yanez, 932 S.W.2d at 728; Reyna,
700 S.W.2d at 327.     








When proper notice is given in accordance
with the MLIIA, as in this case, limitations expire two years and seventy-five
days after the claim accrues.  Act of May
30, 1977, 65th Leg., R.S., ch. 817, sec. 4.01, 1977 Tex. Gen. Laws 2039, 2047B48 (repealed and
recodified 2003) (current version at Tex.
Civ. Prac. & Rem. Code Ann. ' 74.051 (Vernon
Supp. 2004)); De Checa v. Diagnostic Ctr. Hosp., Inc., 852 S.W.2d 935,
938 (Tex. 1993).  The parties do not
dispute the material dates in this case. 
The surgery occurred on October 25, 2000, and Cook served her MLIIA
notice letter on October 22, 2002, tolling the statute of limitations for an
additional seventy-five days. 
Accordingly, the statute of limitations expired on January 8, 2003.  Cook=s voluntary
nonsuit is treated as though the first lawsuit had never been filed; thus, the
second lawsuit, filed on May 8, 2003, is barred by limitations because it was
filed four months after limitations expired.[1]  Cook=s second point of
error is overruled.  

Having overruled both of Cook=s points of error,
we affirm the judgment of the trial court.

 

 

/s/      John S. Anderson

Justice

 

 

Judgment
rendered and Memorandum Opinion filed April 13, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.

 











[1]  The general
rule is that a voluntary dismissal does not toll the statute of
limitations.  Guar. County Hosp. Ins. Co. v.
Reyna, 700 S.W.2d
325, 327 (Tex. App.CSan Antonio 1985), writ ref=d n.r.e., 709 S.W.2d 647 (Tex. 1986) (per
curiam). Cook attempts to rely on an
exception to the general rule which tolls limitations if the dismissal was
actually involuntary.  Irwin v. Basham,
507 S.W.2d 621, 625 (Tex. Civ. App.CDallas
1974, writ ref=d n.r.e.).  Cook
contends that, pursuant to the exception, limitations were tolled during the
first lawsuit because she was forced to file her nonsuit to avoid dismissal for
want of prosecution; thus, her nonsuit was actually involuntary.  This argument fails, however, because a
tactical decision to nonsuit does not amount to an involuntary dismissal.  Id. 
Here, Cook made a tactical decision to voluntarily nonsuit Withers before
her claim was dismissed for want of prosecution; therefore, limitations were
not tolled.