Esmeralda YANEZ, Appellant,

v.

Doris MILBURN, R.N., Appellee.

No. 07–96–0151–CV.

Court of Appeals of Texas,
Amarillo.

Oct. 25, 1996.

Rehearing Overruled Nov. 27, 1996.

Alfonso L. Melendez, J. Morgan Broaddus, III, El Paso, for appellant.

Carr, Founts, Hunt & Wolfe, LLP, Donald M. Hunt and Gary M. Bellair, Lubbock, for appellee.

Before DODSON and QUINN, JJ., and REYNOLDS, Senior Justice.*

REYNOLDS, Senior Justice (Assigned).

Aggrieved by the take-nothing summary judgment rendered in her health care liability action against Doris Milburn, a registered nurse, Esmeralda Yanez contends Milburn was not entitled to judgment as a matter of law on the issues of immunity and limitations expressly presented to the trial court in her motion for summary judgment. Agreeing, we will reverse and remand.

On 2 September 1993, Milburn, a registered nurse employed by Brownfield Regional Medical Center (the Center), was assisting Dennis D. Tedford, M.D. when Yanez was admitted to the obstetric unit of the Center for the delivery of her baby. Doctor Tedford delivered Yanez's baby stillborn.

After her 2 December 1993 notice of a health care liability claim addressed to and received by Dr. Tedford on 4 December 1993, and the Center on 6 December 1993, Yanez brought a negligence action against Dr. Tedford and the Center on 22 April 1994. Although she filed a non-suit against the Center on 15 June 1994, she reinstated her cause of action against it by including the Center as a defendant in her first amended original petition, filed 9 June 1995. Then, by her second amended and live original petition filed on 1 November 1995, Yanez aligned Milburn as a defendant with the doctor and the Center, alleging Milburn was negligent in failing to properly monitor her labor, interpret the fetal heart rate, recognize fetal distress, and notify the doctor of the fetal distress.

The Center and Milburn moved for summary judgment on the affirmative defense of sovereign immunity, and Milburn additionally interposed the affirmative defense of the two-year period of limitations bar, citing section 16.003 of the Texas Civil Practice &

Remedies Code Annotated (Vernon Supp. 1996).[1] Before the motion was acted upon, Yanez again non-suited the Center without prejudice to her causes of action against the remaining parties.

Notice of the non-suit being called to its attention, the trial court signed an order granting the motion for non-suit and dismissing the Center. However, shortly thereafter, the court, noting that Yanez objected to the order granting the non-suit, considered the arguments of the parties and, finding that the order "is not needed and ... may confuse the record," decreed that the order was rescinded, but that the non-suit remained in effect.

Milburn supplemented her motion for summary judgment, invoking section 101.106 of the Tort Claims Act[2] for immunity from, and as a bar to the continuation of, Yanez's action. The section reads:

A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim.

Milburn asserted that Yanez's non-suit of the Center was a final judgment which provided immunity to her on the same claim.

Without stating in its order the grounds upon which the determination was made, the trial court, finding that Milburn was entitled to summary judgment and that this cause should be severed from the suit against Dr. Tedford, ordered and decreed

that summary judgment is GRANTED in favor of ... Milburn, R.N., [Yanez's] cause of action against ... Milburn is now and hereby severed from the original suit.... All costs are taxed to [Yanez].

The judgment, albeit not containing the wording usually employed in rendering a

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 1996).

1. Section 16.003(a) of the Code provides that a person must bring suit for personal injury not later than two years after the day the cause of action accrues.

2. References herein to the Tort Claims Act are to sections 101.001 *et seq.* of the Texas Civil Practice & Remedies Code Annotated (Vernon 1986 & Supp.1996), the title of which is Texas Tort Claims Act.

take-nothing summary judgment, does contain language disposing of all of Yanez's claims against Milburn, which makes it treatable as a final judgment between these parties for the purposes of appeal, *Mafrige v. Ross*, 866 S.W.2d 590, 592 (Tex.1993), upon the severance of the cause of action. *H.B. Zachry Co. v. Thibodeaux*, 364 S.W.2d 192, 193 (Tex.1963).

■ Because the summary judgment order does not delineate the grounds upon which it was rendered, any ground in Milburn's motion which will support the judgment suffices to affirm the judgment. *Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 79 (Tex.1989). Conversely, if neither of the grounds is meritorious, the judgment will be reversed. *Id.*

By her appeal, Yanez contends, with two points of error, that Milburn was not entitled to judgment as a matter of law under (1) section 101.106 of the Tort Claims Act, or (2) section 16.003, *supra*, or article 4590i, section 10.01, of the Texas Revised Civil Statutes Annotated (Vernon Pamph.1996), the Medical Liability and Insurance Improvement Act.[3] Parenthetically, we observe that because Milburn conceded she erroneously cited section 16.003, *supra*, as the governing statute of limitations, and the parties presented the limitations question under section 10.01 of the Medical Act by express or implied consent, section 16.003, *supra*, will not be further noticed.

■ To merit the summary judgment rendered, Milburn must have established that there was no genuine issue as to any material fact, and that she was entitled to judgment as a matter of law, *Johnson Co. Sheriff's Posse v. Endsley*, 926 S.W.2d 284, 285 (Tex.1996), on the issues expressly presented to the trial court. *Chessher v. Southwestern Bell Telephone Company*, 658 S.W.2d 563, 564 (Tex.1983). As the defendant moving for summary judgment on the affirmative defenses of immunity and limitations, Milburn assumed the burden of conclusively establishing all of the elements of at least one of the affirmative defenses. *John-*

*son Co. Sheriff's Posse v. Endsley*, 926 S.W.2d at 285.

Initially, Yanez, in response to Milburn's supplemental claim of immunity presented to the trial court, contends that her non-suit of the Center does not constitute a final judgment or settlement as contemplated by section 101.106 of the Tort Claims Act. Consistent with the purpose of the statute to protect a government employee from individual liability for acts or omissions done in the course and scope of employment when the plaintiff obtains a judgment or settlement against the governmental employer for a claim under the Tort Claims Act based upon the same subject matter, *White v. Annis*, 864 S.W.2d 127, 132 (Tex.App.—Dallas 1993, writ denied), she argues that since the trial court rescinded its order of dismissal following her non-suit, there is no judgment upon which the statute can operate.

As a rejoinder and in support of the summary judgment, Milburn submits that the statute affords her protection on the theory that Yanez's "non-suit is a final judgment on the plaintiff's claim." 5 Roy W. McDonald, Texas Civil Practice in District and County Courts § 27:39 (rev. 1992). Moreover, Milburn continues, because at the time Yanez last non-suited the Center, limitations operated as a bar to any further proceedings against the Center, the non-suit was the functional equivalent of a judgment, which should preclude a continuation of the action against her, notwithstanding the trial court's rescission of its order of dismissal. Milburn concludes she is shielded from Yanez's action against her under the principle, founded on the statute, that an action against a governmental employee is barred by a judgment rendered in an action against a governmental employer, even though the judgment results from the interposition of a plea in bar rather than a trial on the merits, citing *Cox v. Klug*, 855 S.W.2d 276, 279–80 (Tex.App.—Amarillo 1993, no writ). We are not persuaded to that conclusion.

In *Cox*, the claimant's failure to timely give the governmental unit the required notice of the claim prompted a plea in bar that resulted in a final take-nothing judgment on the

**3.** References to sections of article 4590i will be designated as sections of the Medical Act.

claim against the governmental unit, which perpetually barred the claimant's action against the governmental unit. Resultantly, by operation of section 101.106, *supra*, the take-nothing judgment barred the claimant's action involving the same subject matter against the employee of the governmental unit, albeit the take-nothing judgment was not rendered on the merits of claimant's action against the governmental unit. *Cox v. Klug*, 855 S.W.2d at 278–79. However, a plea in bar is inapposite to a non-suit.

▆▆▆ Subject to certain conditions, which are not present in this cause, a plaintiff's right to take a non-suit is unqualified and absolute. *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 840 (Tex.1990) (orig. proceeding). A non-suit, which may be taken during the pendency of the trial judge's ruling on a motion for summary judgment, *Extended Services Program v. First Extended*, 601 S.W.2d 469, 471 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.), is similar to a dismissal, for once the non-suit is taken, the trial court had no other alternative than to grant the non-suit and dismiss plaintiff's cause of action. *BHP Petroleum Co. v. Millard*, 800 S.W.2d at 841.

The fact that the trial court rescinded its order of dismissal after performing its ministerial function of dismissing the Center from the action is of no moment. Yanez's right to the non-suit in her action against the Center existed from the instant her written notice was filed with the clerk of the trial court; its granting is merely a ministerial act. *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex. 1982) (orig. proceeding).

▆▆▆ In performing its ministerial function to dismiss the action upon a motion for non-suit, the trial court does not adjudicate the merits of the case; the dismissal merely places the parties in the position they were in before the action was brought, *Crofts v. Court of Civil Appeals*, 362 S.W.2d 101, 104 (Tex.1962) (orig. proceeding), and, subject to certain conditions, as recognized by McDonald in section 27:39, *supra*, does not preclude the plaintiff from filing a subsequent action seeking the same relief. *Aetna Cas. & Sur. Co. v. Specia*, 849 S.W.2d 805, 806 (Tex. 1993) (orig. proceeding). The reality that the refiling of Yanez's action against the Center would be barred by the interposition of the statute of limitations merely means that limitations is a bar to the action, not that the action is barred by the taking of the non-suit without prejudice.

▆▆▆ It follows that a non-suit, with or without the ministerial order of dismissal, is not a judgment or a settlement which would bar action on a claim within the meaning of section 101.106, *supra*. *Cox v. Klug*, 855 S.W.2d at 279; *Brown v. Prairie View A & M University*, 630 S.W.2d 405, 408 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). Yanez's first point of error is sustained.

Yanez's second-point contention is that her claims against Milburn are not barred by limitations. This obtains, she asserts, because Milburn was included as a defendant within two years and 75 days of the date of the tort as authorized by the tolling provision of section 4.01(c) of the Medical Act.

The Medical Act's section 10.01 specifies that no health care liability claim may be commenced unless the action is filed within two years from (1) the occurrence of the breach or tort, or from (2) the date health care treatment was completed, or (3) the date hospitalization for which the claim is made was completed. Notwithstanding, the Medical Act's section 4.01(a) requires that notice of a health care liability claim be sent to each physician or health care provider against whom the claim is made at least 60 days before the filing of an action and, once the notice is timely given, the Medical Act's section 4.01(c) provides that the notice "shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties."

▆▆▆ The two year period within which Yanez was required to file her action began to run on 2 September 1993, the precise date the tort was ascertainable, *Bala v. Maxwell*, 909 S.W.2d 889, 891 (Tex.1995), and would have expired on 2 September 1995, except that her timely notice, first received by Dr. Tedford on 4 December 1993, tolled the limi-

tation period as to Dr. Tedford and the Center, the named parties, and as to Milburn, a potential party, for one additional 75 day period, *De Checa v. Diagnostic Center Hosp. Inc.*, 852 S.W.2d 935, 937–38 (Tex.1993); *Rhodes v. McCarron*, 763 S.W.2d 518, 521–22 (Tex.App.—Amarillo 1988, writ denied), until 16 November 1995.[4] Yanez's second amended original petition which added Milburn as a defendant in the underlying action was filed on 1 November 1995, within the extended time period for filing an action against her. Moreover, Milburn has candidly conceded that if the tolling provision was applicable to Milburn, the suit was timely filed. Yanez's second point of error is sustained.

Because Milburn did not establish her entitlement to the summary judgment as a matter of law upon the grounds expressly presented to the trial court, the summary judgment is reversed and the cause is remanded to the trial court.

---

4. The dates are calculated in accordance with Rule 4, Texas Rules of Civil Procedure.