NO. 07-00-0497-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 13, 2001



______________________________




PRINCEWILL A. TATA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 337TH DISTRICT COURT OF HARRIS COUNTY;



NO. 839,680; HONORABLE DON STRICKLIN, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 By opinion and order dated March 6, 2001, this appeal was abated and remanded
to the trial court for further proceedings in regard to appellant's intent to prosecute the
appeal and appellant's possible status as an indigent. The clerk of this court received, and
on March 9, 2001, filed a Supplemental Clerk's Record. Contained in the Supplemental
Clerk's Record were documents clearly indicating an intent to prosecute the appeal and
an order of the judge of the 337th District Court of Harris County appointing counsel to
represent appellant on appeal, and directing the court reporter to prepare a statement of
facts. 

 Accordingly, our prior order of abatement and remand dated March 6, 2001, is
withdrawn. The appeal is reinstated. The reporter's record is directed to be filed on or
before April 4, 2001. Subsequent appellate filing times and deadlines shall be based on
such due date for the reporter's record. Tex. R. App. P. 2. 

 

 Per Curiam. 

Do not publish.



;
(4) the trial court erred in granting summary judgment; and (5) the trial court erred in
granting summary judgment despite pleaded affirmative defenses to contract formation that
were not addressed in the motion for summary judgment. We reverse and remand.

 By its fifth amended petition alleging an oral contract whereby I.E. Systems was
hired to clean and remove hazardous waste from two barges, Coastal Marine sought to 
recover damages for negligence, gross negligence, negligence per se, breach of contract
and violations of the Deceptive Trade Practices-Consumer Protection Act. (2) In response,
among other things, by its original answer I.E. Systems alleged it filed a voluntary Chapter
11 bankruptcy proceeding on August 5, 1998, which was then converted to a Chapter 7
liquidation proceeding and the bankruptcy proceeding was closed as a no-asset case by
order of the bankruptcy court on March 26, 1999. (3) In addition to a general denial, I.E.
Systems alleged the action was barred by limitations, laches, and/or estoppel. 


 By traditional motion, I.E. Systems sought a partial summary judgment that Coastal
Marine take nothing on its claims for negligence, negligence per se, and gross negligence. 
As grounds I.E. Systems alleged that Coastal Marine and I.E. Systems entered into a
written agreement dated December 24, 1997, which provided that Coastal Marine assumed
sole responsibility for the storage, handling, transportation, treatment, processing and
disposal of any waste pollutants or contaminants. Coastal Marine further alleged it had no
duty to prevent the release of pollutants or hazardous materials on the premises of Coastal
Marine. Initially, the trial court denied the motion for partial summary judgment but after I.E.
Systems filed additional summary judgment evidence, a partial summary judgment was
granted and the DTPA claims were severed into a separate cause number. Before we
commence our analysis of Coastal Marine's issues, we first set out the appropriate
standard of review.

Standard of Review


 To prevail in the context of a traditional summary judgment, a movant must
conclusively establish: (1) the absence of any genuine question of material fact; and (2)
entitlement to judgment as a matter of law. Nixon v. Mr. Property Management, 690
S.W.2d 546, 548-49 (Tex. 1985). A movant must either prove all essential elements of his
claim or negate at least one essential element of the nonmovant's cause of action. See
MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986); see also Randall's Food Markets, Inc.
v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). When determining whether summary
judgment was proper, we review the evidence in the light most favorable to the nonmovant
taking all evidence in favor of the nonmovant as true and resolving all doubts as to the
existence of a genuine issue of material fact in its favor. Harwell v. State Farm Mut. Auto
Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995). Once the movant has established a right to
summary judgment, the nonmovant has the burden to respond to the motion for summary
judgment and present to the trial court any issues that would preclude it . City of Houston
v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979).

 Addressing Coastal Marine's issues in a logical rather than sequential order, we first
consider its fourth issue by which it questions whether the trial court erred in granting
summary judgment. (4) In this regard, among other things, Coastal Marine argues that
because no summary judgment proof existed of a work order to trigger the contractual
language relied upon by I.E. Systems, the trial court erred in granting summary judgment. 
We agree.

 By its suit Coastal Marine contended that I.E. Systems negligently allowed waste
material that had been removed from its barges to be released on its marine yard and that
the value of its property was diminished as a result of the leaks. By its motion for partial
summary judgment, I.E. Systems argued that under a written agreement entitled Stand-By
Environmental Services Agreement effective December 24, 1997, it owed no duty to
Coastal Marine. As material here, section 8 of the agreement provides in part:

 a. Customer hereby warrants that all material, substances, or waste to be
stored, treated and/or disposed of under this Agreement is the sole and
exclusive property of Customer or other third party. Customer further
warrants that it is not subject to any legal or equitable restraint or Order
which prohibits the treatment, storage and/or disposal of such waste by any
transporter or disposal facility.


 b. Customer shall be solely responsible for the storage, handling,
transportation, treatment, processing, and disposal of any wastes, pollutants,
or contaminants that are the subject of this Agreement . . . .

 

Although Coastal Marine questioned the authority of its general manager to execute the
agreement, as an alternative, it questioned the applicability of the December 24, 1997
contract on work that was orally requested and performed on December 15, 1997.

 The written contract contained separate provisions for ordering emergency work and
non-emergency work. To order emergency work, paragraphs (a) and (b) of section 2
required the customer to submit an order by phone and thereafter deliver a written work
order to I.E. Systems in person or by facsimile transmission. For non-emergency work
paragraph (c) required Coastal Marine to deliver "a fully completed and executed Work
Order prior to the start of the Work." Section 2(f) concludes:

 Customer and IES are contractually bound only to the extent Work Orders or
Purchase Orders are issued by Customer and accepted by IES.


(Emphasis added). 

 

 In addition to the six-page written contract to support its "no duty" ground of its
motion for partial summary judgment, I.E. Systems also submitted three pages which it
contended constituted a work order per the December 24, 1997 contract. However, none
of the three pages dated December 15, 1997, reflect it was issued by Coastal Marine. 
Moreover, none of the pages that I.E. Systems argues constituted a work order show it was
accepted by I.E. Systems. In addition to being dated December 15, 1997, the form for job
#1591 shows that two men left the I.E. Systems yard at 1:00 p.m. on that date and obtained
samples from a barge at Port Arthur at 1:45 p.m. They then picked up a sample at the
barge in Port Neches and returned to the I.E. Systems yard at 4:30 p.m.

 Citing Banowsky v. State Farm Mut. Auto. Ins., 876 S.W.2d 509, 513 (Tex.App.--Amarillo 1994, no writ), Coastal Marine contends that because the work orders were dated
December 15 and the December 24 contract did not reference the prior work, the
provisions of the December 24 contract did not apply to the work done on December 15. 
Where, as here, the oral agreement and work orders of December 15 were not referenced
in the December 24 contract, they were not merged into the written contract. Salinas v.
Beaudrie, 960 S.W.2d 314, 318 (Tex.App.--Corpus Christi 1997, no pet.). In support of its
position, I.E. Systems cites Carr v. Weiss, 984 S.W.2d 753 (Tex.App.--Amarillo 1999, pet.
denied), and argues that the December 15 work orders were merged into the December
24 contract. As we noted, however, merger is "largely a matter of intention of the parties." 
Id. at 764. Moreover, in Carr, we held the record was insufficient to connect the parties to
a maintenance contract to the joint ownership agreement sufficient to justify a directed
verdict. Id.; see also Simmons and Simmons Construction Co. v. Rea, 155 Tex. 353, 286
S.W.2d 415, 417 (1955) (holding that intention of the parties is usually an inference to be
drawn by the finder of fact). 

 I.E. Systems had the burden to establish the absence of a genuine issue of any
material fact. As a defendant moving for summary judgment on its affirmative defense
based on the December 24 contract, it had the burden to show that the underlying
agreement giving rise to the December 15 work orders merged into the December 24
written contract. See Yanez v. Milburn, 932 S.W.2d 725, 727 (Tex.App.--Amarillo 1996,
writ denied). Considering the evidence in the light most favorable to Coastal Marine and
resolving all doubts as to the existence of a genuine issue of material fact in its favor, we
conclude the summary judgment evidence did not establish the absence of a genuine issue
of fact as to the merger of the December 15 work orders into the December 24 agreement. 
We hold the trial court erred in granting the motion for summary judgment. Coastal
Marine's fourth issue is sustained. Our disposition of this issues pretermits consideration
of the remaining issues. Tex. R. App. P. 47.1.

 Accordingly, the judgment of the trial court is reversed and the cause is remanded 
for further proceedings.


 Don H. Reavis

 Justice


 
1. 853 S.W.2d 505 (Tex. 2001).
2. Tex. Bus. & Com. Code Ann. §§ 17.41-17.885 (Vernon 2002 & Supp. 2004).
3. Because of the bankruptcy proceedings of I.E. Systems, the summary judgment
record is not well developed.
4. Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).