NO. 07-03-0217-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 4, 2004

_____


COASTAL MARINE SERVICE OF TEXAS, INCORPORATED, APPELLANT

V.

I.E. SYSTEMS, L.L.C., D/B/A INTRACOASTAL

ENVIRONMENTAL SERVICES, INC., APPELLEE


_____

FROM THE 136TH DISTRICT COURT OF JEFFERSON COUNTY;

NO. D-162,104; HONORABLE MILTON SHUFFIELD, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Coastal Marine Service of Texas, Incorporated, challenges the trial court's rendition

of a summary judgment that it take nothing against I.E. Systems, L.L.C. d/b/a Intracoastal

Environmental Services, Incorporated on its claims for negligence, negligence per se, and

gross negligence. Presenting five issues, Coastal Marine questions whether (1) a contract is enforceable against a corporation if it is not signed by the president, vice-president or agent with authority to execute it; (2) & (3) under *Dresser Industries, Inc. v. Page Petroleum, Inc.*,[1] a contract that purports to transfer risk and exculpate a party of its own negligence must meet the express negligence test or the conspicuousness requirements; (4) the trial court erred in granting summary judgment; and (5) the trial court erred in granting summary judgment despite pleaded affirmative defenses to contract formation that were not addressed in the motion for summary judgment. We reverse and remand.

By its fifth amended petition alleging an oral contract whereby I.E. Systems was hired to clean and remove hazardous waste from two barges, Coastal Marine sought to recover damages for negligence, gross negligence, negligence per se, breach of contract and violations of the Deceptive Trade Practices-Consumer Protection Act.[2] In response, among other things, by its original answer I.E. Systems alleged it filed a voluntary Chapter 11 bankruptcy proceeding on August 5, 1998, which was then converted to a Chapter 7 liquidation proceeding and the bankruptcy proceeding was closed as a no-asset case by order of the bankruptcy court on March 26, 1999.[3] In addition to a general denial, I.E. Systems alleged the action was barred by limitations, laches, and/or estoppel.

---

[1]853 S.W.2d 505 (Tex. 2001).

[2]Tex. Bus. & Com. Code Ann. §§ 17.41-17.885 (Vernon 2002 & Supp. 2004).

[3]Because of the bankruptcy proceedings of I.E. Systems, the summary judgment record is not well developed.

By traditional motion, I.E. Systems sought a partial summary judgment that Coastal Marine take nothing on its claims for negligence, negligence per se, and gross negligence. As grounds I.E. Systems alleged that Coastal Marine and I.E. Systems entered into a written agreement dated December 24, 1997, which provided that Coastal Marine assumed sole responsibility for the storage, handling, transportation, treatment, processing and disposal of any waste pollutants or contaminants. Coastal Marine further alleged it had no duty to prevent the release of pollutants or hazardous materials on the premises of Coastal Marine. Initially, the trial court denied the motion for partial summary judgment but after I.E. Systems filed additional summary judgment evidence, a partial summary judgment was granted and the DTPA claims were severed into a separate cause number. Before we commence our analysis of Coastal Marine's issues, we first set out the appropriate standard of review.

## Standard of Review

To prevail in the context of a traditional summary judgment, a movant must conclusively establish: (1) the absence of any genuine question of material fact; and (2) entitlement to judgment as a matter of law. Nixon v. Mr. Property Management, 690 S.W.2d 546, 548-49 (Tex. 1985). A movant must either prove all essential elements of his claim or negate at least one essential element of the nonmovant's cause of action. *See* MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986); *see also* Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). When determining whether summary

3

judgment was proper, we review the evidence in the light most favorable to the nonmovant taking all evidence in favor of the nonmovant as true and resolving all doubts as to the existence of a genuine issue of material fact in its favor. Harwell v. State Farm Mut. Auto Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995). Once the movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude it . City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979).

Addressing Coastal Marine's issues in a logical rather than sequential order, we first consider its fourth issue by which it questions whether the trial court erred in granting summary judgment.[4] In this regard, among other things, Coastal Marine argues that because no summary judgment proof existed of a work order to trigger the contractual language relied upon by I.E. Systems, the trial court erred in granting summary judgment. We agree.

By its suit Coastal Marine contended that I.E. Systems negligently allowed waste material that had been removed from its barges to be released on its marine yard and that the value of its property was diminished as a result of the leaks. By its motion for partial summary judgment, I.E. Systems argued that under a written agreement entitled Stand-By Environmental Services Agreement effective December 24, 1997, it owed no duty to Coastal Marine. As material here, section 8 of the agreement provides in part:

---

[4]Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).

4

a.  Customer hereby warrants that all material, substances, or waste to be stored, treated and/or disposed of under this Agreement is the sole and exclusive property of Customer or other third party.  Customer further warrants that it is not subject to any legal or equitable restraint or Order which prohibits the treatment, storage and/or disposal of such waste by any transporter or disposal facility.

b.   Customer shall be solely responsible for the storage, handling, transportation, treatment, processing, and disposal of any wastes, pollutants, or contaminants that are the subject of this Agreement . . . .

Although Coastal Marine questioned the authority of its general manager to execute the agreement, as an alternative, it questioned the applicability of the December 24, 1997 contract on work that was orally requested and performed on December 15, 1997.

The written contract contained separate provisions for ordering emergency work and non-emergency work.  To order emergency work, paragraphs (a) and (b) of section 2 required the customer to submit an order by phone and thereafter deliver a written work order to I.E. Systems in person or by facsimile transmission.  For non-emergency work paragraph (c) required Coastal Marine to deliver "a fully completed and executed Work Order prior to the start of the Work." Section 2(f) concludes:

Customer and IES are contractually bound *only* to the extent Work Orders or Purchase Orders are issued by Customer and accepted by IES.

(Emphasis added).

5

In addition to the six-page written contract to support its "no duty" ground of its motion for partial summary judgment, I.E. Systems also submitted three pages which it contended constituted a work order per the December 24, 1997 contract. However, none of the three pages dated December 15, 1997, reflect it was issued by Coastal Marine. Moreover, none of the pages that I.E. Systems argues constituted a work order show it was accepted by I.E. Systems. In addition to being dated December 15, 1997, the form for job #1591 shows that two men left the I.E. Systems yard at 1:00 p.m. on that date and obtained samples from a barge at Port Arthur at 1:45 p.m. They then picked up a sample at the barge in Port Neches and returned to the I.E. Systems yard at 4:30 p.m.

Citing Banowsky v. State Farm Mut. Auto. Ins., 876 S.W.2d 509, 513 (Tex.App.--Amarillo 1994, no writ), Coastal Marine contends that because the work orders were dated December 15 and the December 24 contract did not reference the prior work, the provisions of the December 24 contract did not apply to the work done on December 15. Where, as here, the oral agreement and work orders of December 15 were not referenced in the December 24 contract, they were not merged into the written contract. Salinas v. Beaudrie, 960 S.W.2d 314, 318 (Tex.App.--Corpus Christi 1997, no pet.). In support of its position, I.E. Systems cites Carr v. Weiss, 984 S.W.2d 753 (Tex.App.--Amarillo 1999, pet. denied), and argues that the December 15 work orders were merged into the December 24 contract. As we noted, however, merger is "largely a matter of intention of the parties." *Id.* at 764. Moreover, in *Carr*, we held the record was insufficient to connect the parties to a maintenance contract to the joint ownership agreement sufficient to justify a directed

6

verdict. *Id*.; *see also* Simmons and Simmons Construction Co. v. Rea, 155 Tex. 353, 286 S.W.2d 415, 417 (1955) (holding that intention of the parties is usually an inference to be drawn by the finder of fact).

I.E. Systems had the burden to establish the absence of a genuine issue of any material fact. As a defendant moving for summary judgment on its affirmative defense based on the December 24 contract, it had the burden to show that the underlying agreement giving rise to the December 15 work orders merged into the December 24 written contract. *See* Yanez v. Milburn, 932 S.W.2d 725, 727 (Tex.App.--Amarillo 1996, writ denied). Considering the evidence in the light most favorable to Coastal Marine and resolving all doubts as to the existence of a genuine issue of material fact in its favor, we conclude the summary judgment evidence did not establish the absence of a genuine issue of fact as to the merger of the December 15 work orders into the December 24 agreement. We hold the trial court erred in granting the motion for summary judgment. Coastal Marine's fourth issue is sustained. Our disposition of this issues pretermits consideration of the remaining issues. Tex. R. App. P. 47.1.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for further proceedings.

                              Don H. Reavis
                              Justice