In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00042-CR


______________________________




JAMES EARL EPPS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 71st Judicial District Court


Harrison County, Texas


Trial Court No. 06-0142X




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 James Earl Epps appeals his conviction for aggravated assault with a deadly weapon finding. 
Originally indicted for several offenses including murder, Epps entered a plea of guilty to a single
count of aggravated assault pursuant to a plea bargain that the remaining charges would be
dismissed. The terms of the plea bargain did not specify the punishment, and the trial court
sentenced Epps to twenty years' imprisonment. On appeal, Epps raises a single point of error
contending the trial court erred by assessing the maximum sentence. The State argues that, because
Epps pled guilty pursuant to a plea bargain, this Court lacks jurisdiction. See Tex. R. App. P. 25.2;
Shankle v. State, 119 S.W.3d 808 (Tex. Crim. App. 2003). The trial court signed a certification that
this "is not a plea bargain case, and the defendant has the right of appeal." (1) 

 In Shankle, the Texas Court of Criminal Appeals discussed the differences between charge-bargaining and sentence-bargaining and held Rule 25.2 limits a court of appeals' jurisdiction over
a charge-bargaining plea agreement. Shankle, 119 S.W.3d at 813-14. "Rule 25.2(a)(2) provides that
a defendant may appeal only matters that were raised by written motion filed and ruled on before trial
or after getting the trial court's permission to appeal." Chavez v. State, 183 S.W.3d 675, 680 (Tex.
Crim. App. 2006); see Tex. R. App. P. 25.2. A charge-bargaining plea agreement occurs when a
defendant agrees to plead guilty to the offense that has been alleged or to a lesser or related offense,
and the State agrees to dismiss, or refrain from bringing, other charges. Shankle, 119 S.W.3d at 813. 
The court reasoned "[a]n agreement to dismiss a pending charge . . . effectively puts a cap on
punishment at the maximum sentence for the charge that is not dismissed" and, thus, a
charge-bargaining affects punishment. Id. As such, Rule 25.2 prohibits a party from challenging
the punishment assessed. Id. at 814. We are obliged to follow the precedent of the Texas Court of
Criminal Appeals.

 Epps pled guilty pursuant to a charge-bargaining plea agreement. Because Epps is not
appealing matters raised in pretrial motions, we lack jurisdiction over this appeal. Accordingly, we
dismiss this appeal for want of jurisdiction.



 Jack Carter

 Justice


Date Submitted: December 10, 2007

Date Decided: December 11, 2007


Do Not Publish
1. The trial court's certification must be true and supported by the record. Saldana v. State, 161
S.W.3d 763, 764 (Tex. App.--Beaumont 2005, no pet.); see Dears v. State, 154 S.W.3d 610, 613
(Tex. Crim. App. 2005). Here, the trial court did not grant permission to appeal. The form used by
the trial courts to certify a right of appeal has several alternatives. One of those is that the case
involves a plea bargain, but the trial court has given permission to appeal. The trial court did not
make such a finding, but considered that no plea bargain existed and therefore the defendant had a
right of appeal. 



                        Generally, the taking of a voluntary nonsuit does not resolve the issues in a case and does not\
prejudice the parties against seeking the same relief in a subsequent lawsuit. Aetna Cas. & Sur. Co.\
v. Specia, 849 S.W.2d 805, 807 (Tex. 1993); Sandoval v. Rosser, 86 Tex. 682, 26 S.W. 933, 934\
(1894); Rexrode v. Bazar, 937 S.W.2d 614, 619 (Tex. App.‒Amarillo 1997, no pet.). A voluntary\
nonsuit, however, may be subject to res judicata. Antonini v. Harris County Appraisal Dist., 999\
S.W.2d 608, 614 (Tex. App.‒Houston [14th Dist.] 1999, no pet.); Jones v. Nightingale, 900 S.W.2d\
87, 90 (Tex. App.‒San Antonio 1995, writ ref\'d).
\
                                    This case reveals tension between the right to a nonsuit and res judicata. It is well established\
that plaintiffs are the masters of their suits regarding the claims and parties they choose to pursue. \
Heard v. Moore, 101 S.W.3d 726, 728 (Tex. App.‒Texarkana 2003, pet. denied). The right to a\
nonsuit has a long and well-established tradition in Texas jurisprudence. Rule 162 provides that a\
nonsuit can be taken until all the evidence has been presented. See Tex. R. Civ. P. 162. If a partial\
summary judgment is a final judgment for the purposes of res judicata, then the right to a nonsuit\
without sanction would be lost when any partial summary judgment is announced. Such a result\
would dramatically rewrite Rule 162.
\
'

var WPFootnote7 = '
Huang and the Clinic cite Freeman v. Cherokee Water Co., 11 S.W.3d 480, 483 (Tex.\
App.‒Texarkana 2000, pet. denied), for the proposition that children are in privity with their parents. \
While Freeman holds that the children in that case were in privity with their parents, it does not hold\
parents are always in privity with their children. Huang and the Clinic also argue that the McGowens\
are successors in interest to the Estate, thus creating privity. However, whether the McGowens are\
successors in interest to the Estate is irrelevant because the issue is whether the Estate is in privity\
with the McGowens, not whether the McGowens are in privity with the Estate. \
'

function WPShow( WPid, WPtext )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'visible'" );
 else
 {
 if( floatwnd == 0 || floatwnd.closed )
 floatwnd = window.open( "", "comment", "toolbars=0,width=600,height=200,resizable=1,scrollbars=1,dependent=1" );
 floatwnd.document.open( "text/html", "replace" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( "\r\n" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( WPtext );
 floatwnd.document.write( '
Close');
 floatwnd.document.write( "
" );
 floatwnd.document.close();
 floatwnd.focus();
 }
}

function WPHide( WPid )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'hidden'" );
}



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-02-00115-CV
______________________________

ROBERT S. MCGOWEN, INDIVIDUALLY AND AS ADMINISTRATOR OF 
 THE ESTATE OF RONALD COLE MCGOWEN, DECEASED, AND 
ROBERT S. MCGOWEN AND ELISA MCGOWEN, INDIVIDUALLY, Appellants
 
V.
 
MAU-PING HUANG, M.D., WOMEN'S CLINIC OF ANGLETON, P.A.,
PAULA LAWRENCE, R.N., AND MEMORIAL HEALTH VENTURES, INC.,
F/K/A MEMORIAL MANAGEMENT SERVICES, INC., F/K/A MEMORIAL 
 CARE MANAGEMENT SERVICES, INC., Appellees
 


                                              

On Appeal from the County Court at Law No. 3 and Probate Court
Brazoria County, Texas
Trial Court No. 22,882


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N

            Elisa McGowen's 1992 traffic accident caused distress to her near-term unborn child, Ronald
Cole McGowen (Cole). But, after Elisa's admission to a hospital in the Angleton-Danbury Hospital
District (the District), almost five hours passed before her son was delivered by emergency caesarean
section.


 After his birth, Cole was diagnosed with a severe brain injury and, ultimately, lack of brain
development. He died shortly after his sixth birthday.
            Out of that tragedy, claims were filed against numerous parties, many now resolved. This
appeal involves claims by Cole's estate (the Estate) against Paula Lawrence, R.N., an obstetrical
nurse employed by the District; Mau Ping Huang, M.D., the on-call and attending physician; and 
Women's Clinic of Angleton, P.A. (the Clinic), Huang's employer. The trial court granted summary
judgments in favor of each of those defendants. The Estate asserts on appeal that Lawrence is not
entitled to the protection of the Texas Tort Claims Act (the Act) because there was no "prior
judgment" as those words are used by the Act and because Lawrence's actions did not "give rise to"
the claims against other defendants and did not concern the "same subject matter." The Estate argues
on appeal that Huang and the Clinic are not protected by res judicata because the Estate had the
absolute right to take the nonsuit it took previously, there was previously no final judgment on the
merits, and the Estate was not in privity with Cole's parents, the McGowens. We affirm Lawrence's
judgment but reverse Huang's and the Clinic's judgments and remand those causes of action to the
trial court.
Procedural History
            In 1993, Robert McGowen, individually, Elisa, individually, (the McGowens), and Robert
McGowen, as guardian of Cole, (the Guardianship), filed suit against Angleton-Danbury General
Hospital (Hospital) (a hospital operated by the District), Dean A. Atkinson, M.D., Jo Ella South,
Lawrence, Huang, and the Clinic. Atkinson, the emergency room physician, and South, one of the
labor and delivery nurses, both settled with the McGowens and the Guardianship in 1996. The
District received partial summary judgments holding that Atkinson and Huang were not employees
of the District under the Act. Huang received a partial summary judgment holding that he had no
duty to any plaintiff just because he was the on-call obstetrician and that the individual claims of the
McGowens were barred by limitations. Still unresolved was the Guardianship's claim that Huang
was negligent after he assumed the care of Elisa and Cole. On March 10, 1997, the McGowens and
the Guardianship nonsuited all remaining claims so they could appeal the partial summary
judgments. The nonsuited claims included claims remaining against Huang, the Clinic, Lawrence,
and Memorial Management Services. The trial court's decisions were affirmed by the Twelfth Court
of Appeals. McGowen v. Huang, No. 12-97-00260-CV (Tex. App.‒Tyler Jan. 29, 1999, pet. denied)
(not designated for publication).
            In 1998, the McGowens and the Estate filed the present suit against Huang, the Clinic,
Lawrence, and Memorial Health Ventures, Inc. The McGowens and the Estate alleged that Cole's
brain injury, total disability before death, and ultimate death were caused by negligence in the
treatment, or lack of treatment, provided Cole and Elisa. Lawrence filed a summary judgment
motion based on (1) Tex. Civ. Prac. & Rem. Code Ann. § 101.106 (Vernon 1997), prohibiting a
suit against an employee of a governmental entity when a prior judgment or settlement agreement
has been reached with the governmental entity, and (2) the assertion that the McGowens' individual
claims were barred by limitations. Huang and the Clinic filed a summary judgment motion based
on res judicata and attacked the McGowens' individual claims based on limitations. The trial court
granted summary judgment in favor of all defendants on March 11, 2002. On appeal, the McGowens
have abandoned their individual claims concerning Lawrence, Huang, and the Clinic; and the
McGowens and the Estate have abandoned their claims concerning Memorial Health Ventures, Inc. 
Reviewing Summary Judgments
            Traditional summary judgment is proper when the movant establishes that there is no genuine
issue of material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ.
P. 166a(c); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979); Dresser
Indus. v. Underwriters at Lloyd's, 106 S.W.3d 767 (Tex. App.‒Texarkana 2003, pet. filed). Because
the movant bears the burden of proof, all evidence favorable to the nonmovant is taken as true, and
all doubts as to the genuine issue of material fact are resolved in favor of the nonmovant. Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999). Summary judgment for a defendant is
proper when the defendant negates at least one element of each of the plaintiff's theories of recovery
or pleads and conclusively establishes each element of an affirmative defense. Sci. Spectrum, Inc.
v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997). Because the propriety of a summary judgment is a
question of law, we review the trial court's decision de novo. See Natividad v. Alexsis, Inc., 875
S.W.2d 695, 699 (Tex. 1994).
Lawrence and the Act
            In its first point of error, the Estate contends the trial court erred by granting summary
judgment for Lawrence under Section 101.106.
            Section 101.106 provides, "A judgment in an action or a settlement of a claim under this
chapter bars any action involving the same subject matter by the claimant against the employee of
the governmental unit whose act or omission gave rise to the claim." Tex. Civ. Prac. & Rem. Code
Ann. § 101.106 (emphasis added). In order to be entitled to immunity as a governmental employee,
a party must prove: (1) there is a judgment or settlement; (2) of a claim under the Act; (3) involving
the same subject matter; (4) brought by the same claimant; (5) asserted against the employee of a
governmental entity; (6) whose act or omission gave rise to the claim which resulted in the judgment
or settlement. Smith v. Altman, 26 S.W.3d 705, 708 (Tex. App.‒Waco 2000, pet. dism'd w.o.j.). The
Estate disputes three of these elements, including whether there is a judgment or settlement, whether
the suits involve the same subject matter, and whether the prior decision involved claims created by
Lawrence's acts or omissions.
            1. Was There a Prior Judgment as Required by Section 101.106?
            The Amarillo Court of Appeals has held that a nonsuit without prejudice, during the
pendency of a summary judgment motion, "is not a judgment or a settlement which would bar action
on a claim within the meaning of Section 101.106." Yanez v. Milburn, 932 S.W.2d 725, 728 (Tex.
App.‒Amarillo 1996, writ denied). In Yanez, the trial court had yet to rule on the motion for
summary judgment. Id. at 726. The issue before us, however, is whether a partial summary
judgment is a judgment under the Act sufficient to invoke Section 101.106.
            We first focus on whether a partial summary judgment is a prior judgment.


 "Section
101.106 is triggered by any judgment in an action against a governmental unit . . . ." Dallas County
Mental Health & Mental Retardation v. Bossley, 968 S.W.2d 339, 343 (Tex. 1998). The Texas
Supreme Court has held that a summary judgment against the governmental entity which was
severed from the suit against the employee provided the employee with immunity from any further
action. Newman v. Obersteller, 960 S.W.2d 621, 623 (Tex. 1997). Further, the Texas Supreme
Court has held that Section 101.106 bars the simultaneous rendition of judgment against an
employee and the employer. Thomas v. Oldham, 895 S.W.2d 352, 357 (Tex. 1995). Although the
Estate's claims were nonsuited rather than severed, the principle of Newman appears to apply. The
partial summary judgment followed by a nonsuit triggers Section 101.106.
            We next focus on whether Section 101.106 requires a judgment on the merits. Recently,
Houston's Fourteenth District Court of Appeals considered this issue:
The Dalehites cite authority from this Court that an order granting a plea to the
jurisdiction is not a judgment on the merits, and thus cannot form the basis of a
governmental employee's immunity motion. See Brown v. Prairie View A & M
University, 630 S.W.2d 405 (Tex. App.‒Houston [14th Dist.] 1982, writ ref'd n.r.e.)
(holding university employees were not entitled to immunity when university was
dismissed for want of jurisdiction). But since Brown, the Texas Supreme Court has
held just the opposite on several occasions. See Dallas County Mental Health and
Mental Retardation v. Bossley, 968 S.W.2d 339, 343 (Tex. 1998); Newman v.
Obersteller, 960 S.W.2d 621, 622 (Tex. 1997) (both cases construing Section
101.106 to require dismissal of claims against governmental employees when claims
against their governmental employer are dismissed on immunity grounds). We must
follow the higher court.

Dalehite v. Nauta, 79 S.W.3d 243, 244 (Tex. App.‒Houston [14th Dist.] 2002, pet. denied); see Liu
v. City of San Antonio, 88 S.W.3d 737, 744 (Tex. App.‒San Antonio 2002, pet. denied); see also
Zaragoza v. City of Grand Prairie, 998 S.W.2d 395, 398 (Tex. App.‒Texarkana 1999, no pet.). 
Thus, any judgment under the Act bars any further action.


 The finding that sovereign immunity was
not waived by the Act is still a judgment under the Act. "The immunity conveyed to a governmental
unit's employees by Section 101.106 is triggered by any judgment in an action against a
governmental unit, including a judgment in favor of the governmental unit." Zaragoza, 998 S.W.2d
at 398. Lawrence has met the requirement of a prior judgment.
            2. Did Lawrence's Actions Give Rise to the Claim?
            The Estate alleges Section 101.106 does not convey immunity because the partial summary
judgments were based on the District's liability concerning other defendants, not Lawrence. 
Although the plain language of the statute appears to support the Estate's argument, the Texas 
Supreme Court has addressed this argument and rejected it. In Bossley, the plaintiffs argued Section
101.106 provided immunity only to the one employee "whose act or omission gave rise to the claim." 
Bossley, 968 S.W.2d at 344. The Texas Supreme Court held that:
But plaintiffs read "claim" too narrowly. Their claim against Dallas County MHMR
is not simply that one of its employees allowed Roger to escape; rather, they claim
that the conduct of all the defendants caused Roger's death. A claimant cannot limit
the immunity conveyed by Section 101.106 by singling out one employee's conduct
on which to base liability of the governmental unit. All employees whose acts or
omissions gave rise to the claim against the governmental unit are entitled to
immunity, regardless of whether the claimant complains of their conduct. 

Id. Thus "claim" is read broadly to convey immunity to all employees involved whose conduct gave
rise to the claim, regardless of whose conduct formed the basis of the trial court's summary
judgment. Therefore, Lawrence met the requirement of "whose act or omission gave rise to the
claim."
 
            3. Did Lawrence's Actions Involve the Same Subject Matter?
            Finally, the Estate argues the judgment is not on the same subject matter as the current suit. 
The relevant inquiry is whether the action involves the same subject matter, rather than whether it
is based on the same cause of action. Id. at 343. 
            The Texas Supreme Court in Bossley defined "involving the same subject matter" as "arising
out of the same actions, transactions, or occurrences." Id. While the Bossley Court did not further
define an "occurrence," we believe the res judicata factors are relevant. For the purposes of res
judicata, the suits involve the same transaction based on a consideration of "whether the facts are
related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether
their treatment as a trial unit conforms to the parties' expectations or business understanding or
usage." Barr v. Resolution Trust Corp., 837 S.W.2d 627, 631 (Tex. 1992). Based on these factors,
it is clear the current suit arises out of the same transaction as the prior suit.
            Texas courts have recognized that some effects of Section 101.106 may be harsh. Brand v.
Savage, 920 S.W.2d 672, 675 (Tex. App.‒Houston [1st Dist.] 1995, no writ). The Texas Supreme
Court noted in Oldham that the plaintiff has the choice of seeking relief against the employee or the
employer:
Although a plaintiff who pursues the statutory remedy against the government may
lose his or her common law remedy against the employee, the plaintiff is not required
to follow this course. He or she may still opt to pursue the full common law remedy
against the responsible employee, foregoing or postponing any attempt to recover
from the government. 

Oldham, 895 S.W.2d at 357-58. When a plaintiff chooses to bring an action pursuant to the Act,
"she is bound by its provisions and limitations including section 101.106." Brand, 920 S.W.2d at
675. Section 101.106 bars any action against Lawrence. Therefore, we affirm the judgment as to
Lawrence.
Huang, the Clinic, and Res Judicata
            In its second point of error, the Estate argues that its claims against Huang and the Clinic are
not barred by res judicata. The Estate points out the current suit alleges liability only for negligence
that occurred after Huang assumed care of Elisa and Cole. In fact, in granting partial summary
judgment, the trial court specifically reserved any decision regarding Huang's conduct that occurred
once a physician-patient relationship had begun. The Estate adds that nonsuiting the remaining
claims after the partial summary judgment did not relinquish the right to litigate said claims and that
the partial summary judgment granted in the previous action was not a final prior judgment for the
purposes of res judicata.



            Huang and the Clinic contend that a prior final judgment exists concerning the same subject
matter, and therefore the claims are barred. Huang and the Clinic, though conceding that, after the
partial summary judgments–but before the nonsuits–in the original case, the Estate could have
pursued the remaining claims or sought a severance, argue that, because the Estate chose to nonsuit,
it is now barred from bringing the current claims. 
            To determine whether res judicata bars the current action, we must determine whether there
was a final judgment on the merits in the prior suit and whether the concept of privity binds the
Estate to the prior adjudication of the McGowens' individual claims.



 
 
            1. Was There a Prior Judgment on the Merits?
            Huang and the Clinic argue there was a final prior judgment. They argue that either the trial
court's order on April 30, 1997, or the nonsuits resulted in a final judgment on the merits. A final
judgment extinguishes the right to bring other suits on the transaction or series of transactions
involved in that litigation. Musgrave v. Owen, 67 S.W.3d 513, 519 (Tex. App.‒Texarkana 2002, no
pet.). We will examine the effect of the partial summary judgments, the nonsuit, and the order
entitled "Final Judgment" respectively to determine whether a final judgment on the merits was ever
entered.
            The partial summary judgments issued before the nonsuit were not final judgments on the
merits. To be a final judgment, a summary judgment must dispose of all the parties and issues in
a lawsuit. Chase Manhattan Bank, N.A. v. Lindsay, 787 S.W.2d 51, 53 (Tex. 1990). If a summary
judgment does not mention or refer to issues still pending, then those issues remain unadjudicated,
and the summary judgment is not final. See id. As Huang concedes, viable claims still existed after
the prior summary judgments. Therefore, the prior partial summary judgments in the suit were not
final judgments on the merits.
            The next question is whether the nonsuit changed the partial summary judgments into final
judgments. A nonsuit


 is effective as soon as it is filed. Greenberg v. Brookshire, 640 S.W.2d 870,
872 (Tex. 1982); Zimmerman v. Ottis, 941 S.W.2d 259, 261 (Tex. App.‒Corpus Christi 1996, no
writ); Miller v. Armogida, 877 S.W.2d 361, 364 (Tex. App.‒Houston [1st Dist.] 1994, writ denied). 
A nonsuit taken after a partial summary judgment results in a dismissal with prejudice as to the
issues adjudicated in favor of the defendant. Hyundai Motor Co. v. Alvardo, 892 S.W.2d 853, 855
(Tex. 1995). Huang argues that, since the issues were dismissed with prejudice under the principle
established in Hyundai, the nonsuit in effect created a final judgment out of the prior partial
summary judgment. He cites Mossler v. Shields, 818 S.W.2d 752, 754 (Tex. 1991) (dismissal with
prejudice constitutes adjudication on merits). However, not all claims were dismissed with
prejudice. A nonsuit without prejudice does not adjudicate the rights of the parties but merely places
them in the positions in which they would have been, had suit not been brought. KT Bolt Mfg. Co. 
v. Tex. Elec. Coop., Inc., 837 S.W.2d 273, 275 (Tex. App.‒Beaumont 1992, writ denied). Since
claims exist which were not dismissed with prejudice, the nonsuits were not final judgments on the
merits.
            Finally, the order entitled "Final Judgment" failed to make any new rulings, but only
documented how claims had been disposed of in the case. Since a nonsuit is effective immediately
on filing, an order acknowledging the nonsuit is entirely ministerial and gives the trial court no
discretion, provided none of the limitations to a nonsuit are applicable. The Texas Rules of Civil
Procedure provide that, "when a party has mistakenly designated any . . . pleading, the court . . . shall
treat the . . . pleading as if it had been properly designated." Tex. R. Civ. P. 71. The April 30 order
entitled "Final Judgment" was not a final judgment on the merits.
            2. Was the Estate in Privity with the McGowens?
            Huang and the Clinic argue in the alternative that the Estate is barred by res judicata because
it is in privity with the McGowens. They argue that the McGowens' individual claims resulted in 
final judgment in the prior suit due to the statue of limitations. Huang and the Clinic then argue that,
if the McGowens' individual claims are barred by res judicata, the Estate's claims should also be
barred by res judicata. Huang and the Clinic contend that, because the Estate is in privity with the
McGowens, its claim is barred by virtue of the prior final judgment concerning the McGowens'
individual claims on the same subject matter.  
            We hold the application of the privity doctrine is inappropriate in this case. Privity is
intended to be used when the party was not a party to the prior lawsuit. The Texas Supreme Court
in Amstadt held as follows:
Generally people are not bound by a judgment in a suit to which they were not
parties. See Tex. Civ. Prac. & Rem. Code § 37.006(a). The doctrine of res judicata
creates an exception to this rule by forbidding a second suit arising out of the same
subject matter of an earlier suit by those in privity with the parties to the original suit.
See Crow Iron Works, 582 S.W.2d at 771-72. The purposes of the exception are to
ensure that a defendant is not twice vexed for the same acts, and to achieve judicial
economy by precluding those who have had a fair trial from relitigating claims.
Benson v. Wanda Petroleum Co., 468 S.W.2d 361, 363 (Tex. 1971). 
Amstadt, 919 S.W.2d at 652-53; accord Mayes v. Stewart, 11 S.W.3d 440, 449 (Tex. App.‒Houston
[14th Dist.] 2000, pet. denied). Huang and the Clinic argue that privity exists because the Estate
shared interests with the McGowens, and the Estate, through Robert McGowen, had a right to
control the prior suit.


 "Those in privity with a party may include a person who exercises control
over the action, persons whose interests are represented by the party, or successors in interest to the
party." Getty Oil, 845 S.W.2d at 800-01. Certainly the McGowens and the Estate shared many of
the same interests in the result of the lawsuit, but the shared interests are not identical. "Privity exists
if the parties share an identity of interest in the basic legal right that is the subject of litigation." 
Amstadt, 919 S.W.2d at 653. We do not believe that the interests of the McGowens and the Estate
are sufficiently similar. That the Estate's claim was not barred by the statute of limitations, while
the McGowens' individual claims were, reveals that their interests are not identical. "Privity is not
established by the mere fact that the persons may happen to be interested in the same question or in
proving the same facts." Mayes, 11 S.W.3d at 449 (unrelated third party found not in privity
concerning divorce). Huang and the Clinic argue that, since Robert McGowen acted as guardian
for Cole, his role provided privity because the Estate had a right to control the final lawsuit. A
guardian's powers, however, are not plenary, but are restricted by duties owed to the ward and the
necessity to obtain court approval for most actions. See Tex. Prob. Code Ann. §§ 675, 693, 765
(Vernon 2003). Therefore, the guardian's right to control a lawsuit does not necessarily follow from
the mere fact that the individual serving as guardian is a party to the lawsuit in his or her individual
capacity as well. Further, "there is no general definition of privity that can be applied in all res
judicata cases" and the court should examine the circumstances of each case. Getty Oil, 845 S.W.2d
at 800. In the circumstances of this case, the Estate was not in privity with the McGowens.
            For the purposes of res judicata, there was no final judgment on the merits and the Estate was
not in privity with the McGowens. Therefore, res judicata does not apply to bar the Estate's claims
against Huang and the Clinic.
 
 
 
Conclusion
            We affirm the trial court's summary judgment as to Lawrence and reverse and remand as to
Huang and the Clinic.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice
 
Date Submitted:          August 28, 2003
Date Decided:             October 22, 2003