Memorandum Opinion Issued June 19, 2008 Withdrawn; Motion for Rehearing
Granted; Petition for Writ of Mandamus Conditionally Granted and Memorandum
Opinion filed September 11, 2008








 

Memorandum
Opinion Issued June 19, 2008 Withdrawn; Motion for Rehearing Granted; Petition
for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed
September 11, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00299-CV

____________

 

IN RE JAMES G. STRACHAN, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N   ON   R E H E A R I N G

Relator=s motion for rehearing is granted. 
The memorandum opinion issued on June 19, 2008 is withdrawn.  This memorandum
opinion is substituted in its place.  

In this
original proceeding, relator, James G. Strachan, seeks a writ of mandamus
ordering the Honorable P.K. Reiter, visiting judge of the 434th District Court
of Fort Bend County, to grant the motion to dismiss filed by real party in
interest, Solum Engineering, Inc. (ASolum@).  We conditionally grant the writ. 









On July
30, 2007, Solum filed a motion to dismiss all of its claims against relator
with prejudice.  On August 24, 2007, the Honorable James Shoemake, presiding
judge of the 434th District Court, granted the motion to dismiss.  However,
Judge Shoemake subsequently withdrew his signature from the order granting
Solum=s motion to dismiss its claims
against relator.  On November 20, 2007, Judge Shoemake was recused from the
underlying proceeding.  The Honorable P.K. Reiter was assigned to the case as a
visiting judge.  On December 17, 2007, relator filed a motion to reconsider the
trial court=s refusal to grant Solum=s motion to dismiss.  After a hearing on January 7, 2008,
Judge Reiter failed to grant Solum=s motion to dismiss.  

To be
entitled to the extraordinary relief of a writ of mandamus, the relator must
show that the trial court clearly abused its discretion, and it has no adequate
remedy on appeal.  In re Team Rocket, L.P., 256 S.W.3d 257, 259 (Tex.
2008) (orig. proceeding).  A trial court clearly abuses its discretion if it
reaches a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law.  Walker v. Packer, 827 S.W.2d 833, 839 (Tex.
1992) (orig. proceeding).  

Relator
correctly contends that a plaintiff has an unqualified and absolute right to
take a nonsuit at any time until the plaintiff has introduced all evidence other
than rebuttal evidence, as long as the defendant has not made a claim for
affirmative relief.  See Hyundai Motor Co. v. Alvarado, 892 S.W.2d 853,
854 (Tex. 1995) (per curiam); BHP Petroleum, Inc. v. Millard, 800 S.W.2d
838, 840 (Tex. 1990).  Therefore, the trial court generally has no discretion
to refuse to dismiss a suit, and its order is ministerial.  Univ. of Tex.
Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz, 195 S.W.3d
98, 100 (Tex. 2006) (per curiam).  Here, however, Solum did not file a nonsuit,
but a motion to dismiss with prejudice.[1]  The trial
court, nonetheless, has not ruled on the motion.  








AWhen a motion is properly filed and pending before a trial
court, the act of giving consideration to and ruling upon that motion is a
ministerial act, and mandamus may issue to compel the trial judge to act.@  Safety‑Kleen Corp. v.
Garcia, 945 S.W.2d 268, 269 (Tex. App.CSan Antonio 1997, orig. proceeding). 
To establish that the trial court abused its discretion by failing to rule, the
relator must show that the trial court:  (1) had a legal duty to perform a
nondiscretionary act; (2) was asked to perform the act; and (3) failed or
refused to do so.  In re Shredder Co., L.L.C., 225 S.W.3d 676, 679 (Tex.
App.CEl Paso 2006, orig. proceeding).  

At the
hearing, relator=s attorney informed the trial court that its motion to
dismiss was pending.  It is not clear from the record why the trial court did
not sign an order granting or denying Solum=s motion to dismiss, but relator=s counsel raised the issue with the
trial court.  Relator presented the motion to the trial court; and the trial
court failed to rule on  the motion.  See id.

We hold
that the trial court abused its discretion in failing to rule on the motion to
dismiss.  However, while we have jurisdiction to direct the trial court to rule
on a motion, we may not tell the trial court how to rule.  In re Martinez
Ramirez, 994 S.W.2d 682, 684 (Tex. App.CSan Antonio 1988, orig. proceeding).

We
therefore conditionally grant the petition for a writ of mandamus and direct
the trial court rule on the motion to dismiss filed by Solum on July 30, 2007. 
The writ will issue only if the trial court fails to act in accordance with
this opinion.  

 

PER CURIAM

 

Petition Conditionally Granted and Memorandum Opinion
filed September 11, 2008.

Panel consists of Justices Frost, Seymore, and
Guzman.  









[1]  Solum=s motion to dismiss
requested that its claims against relator be dismissed Awith prejudice.@ 
A dismissal with prejudice is a ruling on the merits.  Sommers v. Concepcion,
20 S.W.3d 27, 39 (Tex. App.CHouston
[14th Dist.] 2000, pet. denied).  In performing its ministerial duty to dismiss
an action upon a motion for nonsuit, the trial court does not adjudicate the
merits of the case; instead, the dismissal merely places the parties in the
position they were in before the action was brought.  Yanez v. Milburn,
932 S.W.2d 725, 728 (Tex. App.CAmarillo
1996, writ denied).