**GUARANTY COUNTY MUTUAL INSURANCE COMPANY,**
Petitioner,

v.

**Fred REYNA, Respondent.**

**No. C–4933.**

Supreme Court of Texas.

May 14, 1986.

F.B. Lloyd, Jr., Lloyd & Lloyd, Alice, for petitioner.

John C. Mullen, Alice, for respondent.

PER CURIAM.

Fred Reyna brought a declaratory judgment action against Guaranty Mutual and Trey Bingham to determine coverage on two of Reyna's vandalized trucks. Reyna later nonsuited the declaratory action and refiled against both defendants under the DTPA. When Guaranty failed to appear on the DTPA claim, Reyna nonsuited Bingham and took a default judgment against Guaranty. Guaranty filed a motion for new trial, which the trial court denied. The court of appeals affirmed, 700 S.W.2d 325.

 We refuse the application for writ of error, no reversible error. However, we note that the court of appeals erred in holding that granting Guaranty's motion for new trial would prejudice Reyna because nonsuiting Bingham allowed the statute of limitations to run on a claim against Bingham. A motion for new trial to set aside a default judgment should be denied when granting the motion would cause delay or injury to the plaintiff. *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939). Reyna's injury was caused by his own action in nonsuiting Bingham and letting the statute of limitations run against him.[1] Granting Guaranty's motion for new trial would not injure or delay Reyna beyond his already fixed, self-imposed injury because Reyna is injured as to Bingham whether or not the motion is granted.

However, we must uphold the court of appeals judgment if Guaranty failed to prove a sufficient excuse or failed to set up a meritorious defense. *Craddock*, 133 S.W.2d at 126. We must uphold a correct lower court judgment on any legal theory before it, even if the court gives an incorrect reason for its judgment. *Gulf Land Co. v. Atlantic Refining Co.*, 134 Tex. 59, 131 S.W.2d 73 (1939). Nothing in the record indicates that the court of appeals and trial court would have erred in basing judgment on failure to prove a sufficient excuse.

---

1. Reyna could have severed his claim against Bingham under Tex.R.Civ.P. 41, making final the judgment against Guaranty, and leaving viable the claim against Bingham.