NO. 07-00-0525-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 7, 2001

_____


WESTERN NATIONAL BANK, APPELLANT

V.

K-MAC CARPETS, INC., d/b/a INGRAM'S CARPET, APPELLEE


_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 46,730-C; HONORABLE PATRICK A. PIRTLE, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Western National Bank challenges a judgment upon a bench trial that K-Mac Carpets, Inc. d/b/a Ingram's Carpet recover judgment in the amount of $8,950 plus prejudgment interest and attorney's fees against it. Presenting three points of error, Western contends there was no evidence or insufficient evidence (1) that it breached any duty or obligation owed to K-Mac, (2) that K-Mac reasonably relied upon any promise of Western to make the loan check jointly payable to K-Mac and Rick and Suzanne Farris

(homeowners), and (3) of the amount of damages awarded to K-Mac. Based on the rationale expressed herein, we affirm.

On August 6, 1997, K-Mac and the homeowners[1] executed a Builder's and Mechanic's Lien Contract prepared by Western, which contemplated that K-Mac would sell and install carpet and tile in the homeowner's residence and that the improvements would be financed by Western. Among other provisions, in summary, the contract provided that:

(1) K-Mac would be paid $9,100 upon completion of the installation of the carpet and tile; and

(2) That the debt for the payment of the improvements would be secured by a builders, mechanic's, materialman's and laborer's lien on the real property described in the contract.[2]

Also, as significant here, the contract included a provision for its assignment to Western as follows:

**Assignment of Contractor's Lien:** Owner and Contractor have entered into this Contract for improvements to be made to the Property. Owner shall perform all of Owner's obligations under this contract. Under this Contract, Owner grants to Contractor a lien on the Property. Contractor irrevocably assigns that lien and other interests of Contractor in the Property to:

Western National Bank, 4241 West 45th Amarillo, County of Randall, TX 79114-7367

hereafter, the Lender, to provide security for Lender and in consideration for Lender's loan to or advance made on behalf of Owner. *Lender's*

---

[1]The homeowners are not parties to this proceeding.

[2]The validity of the lien as to the real estate is not presented for our determination.

*performance is for the purpose of paying, in whole or in part, for the improvements to be made by Contractor. . . .*

(Emphasis added). Although a loan officer at Western also prepared a note, deed of trust, and Real Estate Settlement Procedures Act documentation, the contract was the only instrument offered or received into evidence. The contract was recorded and returned to Western and testimony from Western's loan officer established that after the expiration of the three day right of recision, he advanced the proceeds of the loan to the homeowners without also making the check payable jointly to K-Mac.

The homeowners failed to remit the proceeds of the advance to K-Mac. Being unpaid for the carpet and tile, after filing suit, K-Mac recovered judgment against the homeowners in the amount of $9,807.34, but efforts to collect the judgment were unsuccessful. By its petition in the underlying proceeding, K-Mac sought recovery against Western alleging breach of contract and promissory estoppel. Following a hearing on the merits, the trial court signed its judgment on August 14, 2000, that K-Mac recover $8,950 plus interest, attorney's fees, and court costs. Then, on October 9, 2000, the court made eighteen findings of fact and four conclusions of law.

By its first point of error, Western contends there was no evidence or insufficient evidence that it breached any duty or obligation owed to K-Mac under the terms of the contract. Specifically, Western challenges the legal and factual sufficiency of two findings of fact:

11.  [Western] did not take any steps to ensure that [K-Mac] would be paid from the loan proceeds advanced to [homeowners]; nor did [Western] give notice of payment to [K-Mac].

16.  [Western] expressly or impliedly represented to [K-Mac] that the loan proceeds represented by the obligation secured by the Builder's and Mechanic's Lien Contract would be used to pay the amounts owed to [K-Mac] by [homeowners] at the conclusion of the work.

We disagree for the following reasons.

Because neither party alleged that the contract was ambiguous and the trial court did not find it ambiguous, we must give effect to the intention of the parties as expressed or as is apparent in the writing.  Exxon Corp. v. West Tex. Gathering Co., 868 S.W.2d 299, 302 (Tex. 1993).  Accordingly, consideration of Western's sufficiency of the evidence questions is not required.  Moreover, by its fact statement herein, Western admits that it paid the proceeds of the home improvement loan to the homeowners and that they did not pay K-Mac for the improvements.  Further, Western does not question finding nine that it advanced the loan proceeds in the sum of $9,100 to the homeowners in reliance upon the Builder's and Mechanic's Lien Contract.  Because of these admissions, and for purposes of liability under the contract discussed below, finding eleven is not controlling.  Likewise, because of our conclusion regarding liability under the contract, any question of expressed or implied representation under finding sixteen is controlled by the doctrine of estoppel by contract.  See Stevens v. State Farm Fire and Cas. Co, 929 S.W.2d 665, 672 (Tex.App.--

4

Texarkana 1996, writ denied) (holding that a party to a contract will not be able to take a position inconsistent with the contract).

Western was not a bystander to this contract. In addition to preparing the contract, which included a provision for the assignment of the contract from K-Mac to Western, and other related loan documents, the contract also designated an officer of the bank as the trustee and was signed in the bank lobby. Although the contract was not executed by an officer of Western, by acceptance and reliance on the contract, Western became bound by the recitals in the contract. Greene v. White, 137 Tex. 361, 153 S.W.2d 575, 583 (1941). *See also* Rutten v. Cazey, 734 S.W.2d 752, 755 (Tex.App.--Waco 1987, writ denied).

In our analysis of the assignment paragraph set out above, we focus on the provision that states in pertinent part:

> [Western's] performance is for the purpose of paying, in whole or in part, for the improvements to be made by Contractor. . . .

Under the contract, K-Mac, the homeowners, and Western each had three distinct roles. As the seller, K-Mac was obligated to sell and install the carpet. As the financing agency, Western's role was to advance funds for payment of the carpet, while the homeowners, as buyers, had the obligation to pay for the carpet. Without specifying how funds were to be paid, (*i.e.*, check payable to K-Mac, jointly payable, or by wire transfer to the account of K-Mac), by its plain terms, Western's performance related to payment to K-Mac for the

5

carpet, which was due under the contract when the work was completed. Because we must presume that the parties to this contract intended every clause to have some effect, Heritage Resources, Inc. v. NationsBank, 939 S.W.2d 118, 121 (Tex. 1996), we conclude that Western was obligated to pay K-Mac for the improvements pursuant to the terms of the contract. Accordingly, Western's first point is overruled.

By its third point of error, Western contends there is no evidence or insufficient evidence of the amount of damages suffered by K-Mac. We disagree. Findings of fact entered in a case tried to the bench have the same force and dignity as a jury's verdict upon questions. Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991). A trial court's findings of fact are reviewable for legal and factual sufficiency by the same standards applied in reviewing the sufficiency of the evidence supporting a jury's finding. *Id.* In reviewing a no-evidence point, we consider only the evidence and reasonable inferences therefrom which, when viewed in their most favorable light, support the court's findings, disregarding all evidence and inferences to the contrary. Lewelling v. Lewelling, 796 S.W.2d 164, 166 (Tex. 1990). If there is more than a scintilla of evidence to support the finding, the no-evidence challenge must fail. *Id.* In considering a factual sufficiency issue, we review all the evidence and reverse only if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986); In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (1962). We are not to reweigh the evidence and set aside the finding merely because we feel that a different result is more reasonable. *Pool*, 715 S.W.2d at

6

634.  The trier of fact is the sole judge of the credibility of the witnesses and the weight given their testimony, Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547, 549 (1962), and may believe one witness and disbelieve another and resolve inconsistencies in testimony. McGalliard v. Kuhlmann, 722 S.W.2d 694, 697 (Tex. 1986).  We are not so bound by the trial court's conclusions of law and review those conclusions *de novo* to determine their correctness.  Hydrocarbon Mgt. v. Tracker Exploration, 861 S.W.2d 427, 431 (Tex.App.--Amarillo 1993, no writ).

In its statement of the case, Western admits that the homeowners did not pay K-Mac for the installation of the carpet and tile.  At trial K-Mac introduced a copy of the judgment that it recover $9,570.34 against the homeowners and K-Mac's President testified that collection efforts were unsuccessful.  K-Mac's President also testified that it filed the lawsuit against Western to recover the amount of its labor, materials, and attorney's fees expended up to that point, so that the total judgment taken against the homeowners would be $9,570.34.  Additionally, the contract stated that "owner agrees to pay Contractor . . . $9,100."  Having found that there is some evidence to support the finding as to the amount of damages we will now proceed with a determination of the factual sufficiency.  Western presented no evidence to refute the amount of damages established by the testimony of K-Mac's President and the judgment entered into evidence without objection.  Because the trial judge determines the credibility of the witnesses and weighs their testimony, we cannot say that a manifest injustice occurred.  Western's third point is overruled.

7

Our disposition of Western's first point requires that we affirm the judgment based on the contract. Therefore, we need not consider Western's second point because we must uphold a correct lower court judgment on any legal theory before it. Guaranty County Mutual Ins. Co. v. Reyna, 709 S.W.2d 647, 648 (Tex. 1986).

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.