**Opinion filed December 21, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00001-CV

_____

### BARTHOLOMEW ROBERT FRIS, Appellant

### V.

### LYSA FRIS, Appellee

**On Appeal from the County Court at Law**
**Brown County, Texas**
**Trial Court Cause No. DV0912252**

### M E M O R A N D U M   O P I N I O N

This appeal arises from a divorce proceeding.  In three appellate issues, Bartholomew Robert Fris argues that the trial court erred by characterizing 500 shares of stock as community property instead of as his separate property and by awarding 250 shares of the stock to Lysa Fris. We affirm.

*Background Facts*

Appellant's father and mother owned shares of Wal-Mart Stores, Inc. stock as joint tenants.  In 1999, appellant's father gave appellant 200 shares of Wal-Mart stock.  Appellant participated in a purchase plan in which dividends from the Wal-Mart stock were reinvested to

purchase additional shares of stock. Appellant maintained his shares of stock in a purchase plan account.

Appellant and appellee married in 2002. Appellant did not add appellee's name to the Wal-Mart stock account. In 2005, appellant's father transferred 300 shares of stock from his Wal-Mart stock account to appellant's account. In 2006, appellant's father transferred an additional 200 shares from his Wal-Mart stock account to appellant's account.

In 2009, appellant filed this divorce action. After a bench trial, the trial court found that the Wal-Mart stock appellant's father transferred to appellant during his marriage to appellee was community property. The trial court entered a final decree of divorce in which it awarded appellant 250 shares of the stock and appellee 250 shares of the stock. The trial court entered findings of fact and conclusions of law in support of its order. The trial court made the following findings, among others:

> 5. The Court finds there were 500 shares of Wal-Mart stock gifted by [appellant's] father during the marriage.
>
> 6. The Court finds that the 500 shares of stock gifted by [appellant's] father during the marriage are not the separate property of [appellant].
>
> 7. The Court finds that the 500 shares of Wal-Mart stock gifted by [appellant's] father during the marriage are community property.

Appellant has filed this appeal from the trial court's order. Appellee has not filed an appellate brief.

*Issues on Appeal*

Appellant presents three issues for review. In his first issue, appellant contends that the trial court erred when it characterized the 500 shares of Wal-Mart stock as community property instead of as his separate property. In his second issue, appellant challenges the legal and factual sufficiency of the evidence to support the trial court's finding that the stock was not his separate property. In his third issue, appellant contends that the trial court abused its discretion by awarding his separate property to appellee.

*Standard of Review*

We review a trial court's division of property under an abuse of discretion standard. *Wells v. Wells*, 251 S.W.3d 834, 838 (Tex. App.—Eastland 2008, no pet.); *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied). A trial court abuses its discretion

2

when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). We must uphold a correct lower court judgment on any legal theory before it, even if the court gives an incorrect reason for its judgment. *Guaranty Cnty. Mut. Ins. Co. v. Reyna*, 709 S.W.2d 647, 648 (Tex. 1986).

*Analysis*

Property possessed by either spouse during or on dissolution of marriage is presumed to be community property. TEX. FAM. CODE ANN. § 3.003(a) (West 2006). To rebut this presumption, the person seeking to prove the separate character of the property must do so by clear and convincing evidence. *Id.* § 3.003(b). Clear and convincing evidence is the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. TEX. FAM. CODE ANN. § 101.007 (West 2008); *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002).

Appellant contends that he proved the separate nature of the 500 shares of Wal-Mart stock in question by clear and convincing evidence. Separate property includes property owned by a spouse before marriage or acquired by a spouse by gift, devise, or descent during the marriage. TEX. FAM. CODE ANN. § 3.001 (West 2006). Appellant asserts that the shares of Wal-Mart stock that he acquired in 2005 and 2006 were gifts from his father to him and were, therefore, his separate property.

Appellant testified that his father gave him Wal-Mart stock on three occasions and that, on each of these occasions, his father gave the same amount of stock to appellant's brother. Appellant introduced copies of statements from his stock account and from his father's stock account into evidence. The statements showed that appellant's father transferred shares of Wal-Mart stock from his account to appellant's account as follows: (1) 200 shares in 1999; (2) 300 shares in 2005; and (3) 200 shares in 2006. The second and third transfers occurred after appellant married appellee. After the transfers, appellant held the stock in his name. He said that appellee's name was never on any of the shares of Wal-Mart stock.

Appellant introduced into evidence, without objection, an affidavit that was signed by his father on January 22, 2010. Appellant's father stated in the affidavit that "[he had] made gifts to [appellant], both before and during his marriage, that [were] gifts to [appellant] only and were not gifts to both [appellant] and [appellee]." Appellant's father also stated that "[a]ny shares of Wal-Mart Stock [appellant] received from me were a gift to [him] only."

3

Appellee testified that appellant told her his father had given the Wal-Mart stock to both of them. Appellee said that, at one point, appellant told her, when referring to the stock, "Look what dad gave us." According to appellee, appellant also said, "Look, Lysa, Dad gave us 200 shares of Wal-Mart stock to add to what we already have." Appellee testified that she believed that appellant's father had given the Wal-Mart stock to appellant and her as a couple and that appellant's father had lied in his affidavit.

The record shows that the trial court believed that appellant's testimony lacked credibility. The trial court stated that appellant's father's affidavit was a "self-serving affidavit basically by an interested party filed and made subsequent to the date of the divorce." As the trier of fact in a bench trial, the trial court was the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Strong v. Strong*, 350 S.W.3d 759, 771 (Tex. App.— Dallas 2011, pet. denied); *Aguiar v. Segal*, 167 S.W.3d 443, 449 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). As the finder of fact, the trial court was entitled to believe or disbelieve all or any part of any witness's testimony. *Inimitable Group, L.P. v. Westwood Group Dev. II, Ltd.*, 264 S.W.3d 892, 903 (Tex. App.—Fort Worth 2008, no pet.).

Appellant acquired 500 shares of Wal-Mart stock after he married appellee. Therefore, the community property presumption applied to that stock. Section 3.003(a). Because the trial court believed that appellant's testimony and his father's affidavit lacked credibility, it could have reasonably concluded that appellant failed to meet his burden of proving by clear and convincing evidence that the Wal-Mart stock was his separate property. Without meeting his evidentiary burden, appellant could not overcome the statutory presumption that the stock was community property. *Id.* § 3.003(b). Based on the evidence, and because we must defer to the trial court's credibility determinations, we cannot conclude that the trial court abused its discretion by characterizing the 500 shares of Wal-Mart stock as community property.

The trial court may have concluded that appellant's father gifted the stock to both appellant and appellee. The evidence supports such a conclusion. A son and a daughter-in-law are both natural objects of a father's bounty. *Amador v. Berrospe*, 961 S.W.2d 205, 207 (Tex. App.—Houston [1st Dist.] 1996, writ denied); *Somer v. Bogart*, 749 S.W.2d 202, 204 (Tex. App.—Dallas 1988, writ denied). Appellee testified that appellant told her the stock was a gift to both of them. If the trial court believed that appellant's father gifted the stock to appellant and appellee, the trial court incorrectly characterized the stock as community property. After the

4

evidence was concluded at trial, the trial court stated that it thought "that there [was] a presumption that gifts during marriage are community." However, because a gift by definition constitutes separate property, there can be no gift to the community estate. *Long v. Long*, 234 S.W.3d 34, 39 (Tex. App.—El Paso 2007, pet. denied); *Jones v. Jones*, 804 S.W.2d 623, 627 (Tex. App.—Texarkana 1991, no writ).

When a gift is made to both spouses, each spouse receives an undivided one-half interest in the gifted property as his or her separate property. *Phillips v. Phillips*, 296 S.W.3d 656, 669 n.4 (Tex. App.—El Paso 2009, pet. denied); *Roberts v. Roberts*, 999 S.W.2d 424, 431 (Tex. App.—El Paso 1999, no pet.). If appellant's father gifted the stock to appellant and appellee, appellant owned an undivided one-half interest in the stock as his separate property, and appellee owned an undivided one-half interest in the stock as her separate property. *Long*, 234 S.W.3d at 39. In its divorce decree, the trial court awarded one-half of the 500 shares of Wal-Mart stock to appellant and one-half of the shares to appellee. Thus, even if the trial court concluded that the stock was gifted to appellant and appellee but mischaracterized the stock as community property, the trial court correctly divided the stock one-half to appellant and one-half to appellee in accordance with their respective separate property interests in the stock.

Because the trial court's judgment is correct, we must affirm it. *Guaranty Cnty.*, 709 S.W.2d at 648. We hold that the trial court did not abuse its discretion in its property division. Appellant's issues on appeal are overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.

TERRY McCALL
JUSTICE

December 21, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

5