Opinion filed December 21,
2012

 

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00001-CV 

                                                    __________

 

                        BARTHOLOMEW
ROBERT FRIS, Appellant

 

                                                             V.

 

                                            LYSA
FRIS, Appellee



 

                                  On
Appeal from the County Court at Law

                                                           Brown
County, Texas

                                                 Trial
Court Cause No. DV0912252 

 



 

                                            M
E M O R A N D U M   O P I N I O N

            This
appeal arises from a divorce proceeding.  In three appellate issues,
Bartholomew Robert Fris argues that the trial court erred by characterizing 500
shares of stock as community property instead of as his separate property and
by awarding 250 shares of the stock to Lysa Fris.  We affirm.

Background
Facts

            Appellant’s
father and mother owned shares of Wal-Mart Stores, Inc. stock as joint tenants.
 In 1999, appellant’s father gave appellant 200 shares of Wal-Mart stock. 
Appellant participated in a purchase plan in which dividends from the Wal-Mart
stock were reinvested to purchase additional shares of stock.  Appellant
maintained his shares of stock in a purchase plan account.

            Appellant
and appellee married in 2002.  Appellant did not add appellee’s name to the
Wal-Mart stock account.  In 2005, appellant’s father transferred 300 shares of
stock from his Wal-Mart stock account to appellant’s account.  In 2006,
appellant’s father transferred an additional 200 shares from his Wal-Mart stock
account to appellant’s account.

            In
2009, appellant filed this divorce action.  After a bench trial, the trial
court found that the Wal-Mart stock appellant’s father transferred to appellant
during his marriage to appellee was community property.  The trial court
entered a final decree of divorce in which it awarded appellant 250 shares of
the stock and appellee 250 shares of the stock.  The trial court entered
findings of fact and conclusions of law in support of its order.  The trial
court made the following findings, among others:

        5. The Court
finds there were 500 shares of Wal-Mart stock gifted by [appellant’s] father
during the marriage.

 

       6.  The Court
finds that the 500 shares of stock gifted by [appellant’s] father during the
marriage are not the separate property of [appellant].

 

       7.  The Court
finds that the 500 shares of Wal-Mart stock gifted by [appellant’s] father
during the marriage are community property.

   

            Appellant
has filed this appeal from the trial court’s order.  Appellee has not filed an
appellate brief.

Issues
on Appeal

            Appellant
presents three issues for review.  In his first issue, appellant contends that
the trial court erred when it characterized the 500 shares of Wal-Mart stock as
community property instead of as his separate property.  In his second issue,
appellant challenges the legal and factual sufficiency of the evidence to
support the trial court’s finding that the stock was not his separate
property.  In his third issue, appellant contends that the trial court abused
its discretion by awarding his separate property to appellee.

Standard
of Review

            We
review a trial court’s division of property under an abuse of discretion
standard.  Wells v. Wells, 251 S.W.3d 834, 838 (Tex. App.—Eastland 2008,
no pet.); Moroch v. Collins, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005,
pet. denied).  A trial court abuses its discretion when it acts without
reference to any guiding rules or principles.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985).  We must uphold
a correct lower court judgment on any legal theory before it, even if the court
gives an incorrect reason for its judgment.  Guaranty Cnty. Mut. Ins. Co. v.
Reyna, 709 S.W.2d 647, 648 (Tex. 1986).

Analysis

            Property
possessed by either spouse during or on dissolution of marriage is presumed to
be community property.  Tex. Fam. Code Ann.
§ 3.003(a) (West 2006).  To rebut this presumption, the person seeking to prove
the separate character of the property must do so by clear and convincing
evidence.  Id. § 3.003(b).  Clear and convincing evidence is the measure
or degree of proof that will produce in the mind of the trier of fact a firm
belief or conviction as to the truth of the allegations sought to be
established.  Tex. Fam. Code Ann.
§ 101.007 (West 2008); In re C.H., 89 S.W.3d 17, 25 (Tex. 2002).  

            Appellant
contends that he proved the separate nature of the 500 shares of Wal-Mart stock
in question by clear and convincing evidence.  Separate property includes
property owned by a spouse before marriage or acquired by a spouse by gift, devise,
or descent during the marriage.  Tex. Fam.
Code Ann. § 3.001 (West 2006).  Appellant asserts that the shares of
Wal-Mart stock that he acquired in 2005 and 2006 were gifts from his father to
him and were, therefore, his separate property.

            Appellant
testified that his father gave him Wal-Mart stock on three occasions and that,
on each of these occasions, his father gave the same amount of stock to
appellant’s brother.  Appellant introduced copies of statements from his stock
account and from his father’s stock account into evidence.  The statements
showed that appellant’s father transferred shares of Wal-Mart stock from his
account to appellant’s account as follows: (1) 200 shares in 1999; (2) 300
shares in 2005; and (3) 200 shares in 2006.  The second and third transfers
occurred after appellant married appellee.  After the transfers, appellant held
the stock in his name.  He said that appellee’s name was never on any of the
shares of Wal-Mart stock.

            Appellant
introduced into evidence, without objection, an affidavit that was signed by
his father on January 22, 2010.  Appellant’s father stated in the affidavit
that “[he had] made gifts to [appellant], both before and during his marriage,
that [were] gifts to [appellant] only and were not gifts to both [appellant]
and [appellee].”  Appellant’s father also stated that “[a]ny shares of Wal-Mart
Stock [appellant] received from me were a gift to [him] only.”

            Appellee
testified that appellant told her his father had given the Wal-Mart stock to
both of them.  Appellee said that, at one point, appellant told her, when
referring to the stock, “Look what dad gave us.”  According to appellee,
appellant also said, “Look, Lysa, Dad gave us 200 shares of Wal-Mart stock to
add to what we already have.”  Appellee testified that she believed that
appellant’s father had given the Wal-Mart stock to appellant and her as a
couple and that appellant’s father had lied in his affidavit.

            The
record shows that the trial court believed that appellant’s testimony lacked
credibility.  The trial court stated that appellant’s father’s affidavit was a
“self-serving affidavit basically by an interested party filed and made
subsequent to the date of the divorce.”  As the trier of fact in a bench trial,
the trial court was the sole judge of the credibility of the witnesses and the weight
to be given their testimony.  Strong v. Strong, 350 S.W.3d 759, 771
(Tex. App.—Dallas 2011, pet. denied); Aguiar v. Segal, 167 S.W.3d 443,
449 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).  As the finder of fact,
the trial court was entitled to believe or disbelieve all or any part of any
witness’s testimony.  Inimitable Group, L.P. v. Westwood Group Dev. II, Ltd.,
264 S.W.3d 892, 903 (Tex. App.—Fort Worth 2008, no pet.).

            Appellant
acquired 500 shares of Wal-Mart stock after he married appellee.  Therefore,
the community property presumption applied to that stock.  Section 3.003(a). 
Because the trial court believed that appellant’s testimony and his father’s
affidavit lacked credibility, it could have reasonably concluded that appellant
failed to meet his burden of proving by clear and convincing evidence that the
Wal-Mart stock was his separate property.  Without meeting his evidentiary
burden, appellant could not overcome the statutory presumption that the stock
was community property.  Id. § 3.003(b).  Based on the evidence, and
because we must defer to the trial court’s credibility determinations, we
cannot conclude that the trial court abused its discretion by characterizing the
500 shares of Wal-Mart stock as community property.

            The
trial court may have concluded that appellant’s father gifted the stock to both
appellant and appellee.  The evidence supports such a conclusion.  A son and a
daughter-in-law are both natural objects of a father’s bounty.  Amador v.
Berrospe, 961 S.W.2d 205, 207 (Tex. App.—Houston [1st Dist.] 1996, writ
denied); Somer v. Bogart, 749 S.W.2d 202, 204 (Tex. App.—Dallas 1988,
writ denied).  Appellee testified that appellant told her the stock was a gift
to both of them.  If the trial court believed that appellant’s father gifted
the stock to appellant and appellee, the trial court incorrectly characterized
the stock as community property.  After the evidence was concluded at trial,
the trial court stated that it thought “that there [was] a presumption that
gifts during marriage are community.”  However, because a gift by definition
constitutes separate property, there can be no gift to the community estate.  Long
v. Long, 234 S.W.3d 34, 39 (Tex. App.—El Paso 2007, pet. denied); Jones
v. Jones, 804 S.W.2d 623, 627 (Tex. App.—Texarkana 1991, no writ).

            When
a gift is made to both spouses, each spouse receives an undivided one-half
interest in the gifted property as his or her separate property.  Phillips
v. Phillips, 296 S.W.3d 656, 669 n.4 (Tex. App.—El Paso 2009, pet. denied);
Roberts v. Roberts, 999 S.W.2d 424, 431 (Tex. App.—El Paso 1999, no pet.). 
If appellant’s father gifted the stock to appellant and appellee, appellant
owned an undivided one-half interest in the stock as his separate property, and
appellee owned an undivided one-half interest in the stock as her separate
property.  Long, 234 S.W.3d at 39.  In its divorce decree, the trial
court awarded one-half of the 500 shares of Wal-Mart stock to appellant and
one-half of the shares to appellee.  Thus, even if the trial court concluded
that the stock was gifted to appellant and appellee but mischaracterized the stock
as community property, the trial court correctly divided the stock one-half to appellant
and one-half to appellee in accordance with their respective separate property
interests in the stock.  

            Because
the trial court’s judgment is correct, we must affirm it.  Guaranty Cnty.,
709 S.W.2d at 648.       We hold that the trial court did not abuse its
discretion in its property division.  Appellant’s issues on appeal are
overruled.

This
Court’s Ruling

            The judgment of the
trial court is affirmed.

 

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

December 21,
2012

Panel consists of: Wright, C.J.,

McCall, J., and Willson, J.