Opinion filed June 12, 2014



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00121-CV

_____

**ALLEN GLENN THOMAS, Appellant**
**V.**
**TEXAS DEPARTMENT OF CRIMINAL JUSTICE-**
**INSTITUTIONAL DIVISION ET AL.,**
**Appellees**

**On Appeal from the 259th District Court**
**Jones County, Texas**
**Trial Court Cause No. 022100**

## M E M O R A N D U M   O P I N I O N

Appellant, Allen Glenn Thomas, is currently incarcerated at the Robertson Unit of the Institutional Division of the Texas Department of Criminal Justice, located in Jones County, Texas. Appearing pro se, he challenges the trial court's orders finding him to be a vexatious litigant and dismissing his claims as frivolous.

We reverse the order declaring him to be a vexatious litigant, and we affirm the dismissal of his claims.

*Background Facts*

On December 17, 2009, Appellant filed the underlying action against the Texas Department of Criminal Justice (TDCJ) and more than twenty-five officials and employees of TDCJ, including Gaylon M. Teeters and Molly Owens. Appellant alleged that he was falsely charged with a disciplinary case and that he suffered emotional and physical injury due to the heightened security restrictions he faced as a result of the punishment imposed in the disciplinary proceeding.

On behalf of Teeters and Owens, the attorney general filed a motion on March 29, 2010, to declare Appellant a vexatious litigant.[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.051 (West. 2002), § 11.054 (West Supp. 2013). The trial court granted the motion on March 31, 2010, and declared Appellant to be a vexatious litigant. The court ordered Appellant to furnish security in the amount of $7,500 by May 1, 2010, in order to prevent his case from being dismissed. The court also ordered Appellant to obtain permission from the local administrative judge before he filed any additional pro se litigation in state court. After Appellant failed to furnish the court-ordered security, the trial court entered a final judgment that dismissed his claims as frivolous on April 10, 2012.

On appeal, Appellant challenges both the order that found him to be a vexatious litigant and the order that dismissed his claims. Appellant's brief contains the following seven issues:

1. Chapter 11 of the Civil Practice and Remedies Code is unconstitutional as applied to Appellant, as it violates his rights to access to the courts, due process, and equal protection under the Texas and United States Constitutions.

---

[1]The motion to declare Appellant a vexatious litigant filed on behalf of Teeters and Owens by the attorney general is the only pleading filed by any of the defendants prior to the entry of final judgment.

2. The trial's court order that required Appellant to pay $7,500 in security was an arbitrary condition that prevented him access to the courts.

3. The trial court erred when it dismissed Appellant's claims as frivolous.

4. There was a reasonable probability that Appellant's retaliation claim would have been successful on the merits.

5. There was a reasonable probability that Appellant's due process claim would have been successful on the merits.

6. There was a reasonable probability that Appellant's malicious prosecution claim would have been successful on the merits.

7. Sovereign immunity was not a bar to Appellant's claims.

*Analysis*

In his first issue, Appellant challenges the constitutionality of Chapter 11 of the Texas Civil Practice and Remedies Code. Under Chapter 11, a trial court may place limitations on the litigation activities of a person determined by the court to be a "vexatious litigant." *See* CIV. PRAC. & REM. §§ 11.055, 11.101. Appellant argues that the statute improperly denies him equal protection, due process, and access to the courts. As set forth below, we conclude that the vexatious litigant order was improperly entered. Accordingly, we will not address Appellant's constitutional challenge.[2] *VanDevender v. Woods*, 222 S.W.3d 430, 432–33 (Tex. 2007); *In re B.L.D.*, 113 S.W.3d 340, 349 (Tex. 2003) ("As a rule, we only decide constitutional questions when we cannot resolve issues on nonconstitutional grounds."). Appellant's first issue is overruled.

In his second issue, Appellant challenges the trial court's entry of the vexatious litigant order requiring him to furnish security in the amount of $7,500.

---

[2]We note that the Austin Court of Appeals upheld the constitutionality of Chapter 11 in *Leonard v. Abbott*, 171 S.W.3d 451, 456–58 (Tex. App.—Austin 2005, pet. denied).

A court may determine that a plaintiff is a vexatious litigant if the defendant demonstrates that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion, has commenced, prosecuted, or maintained at least five litigations, other than in small claims court, that have been finally determined adversely to the plaintiff. *See* CIV. PRAC. & REM. § 11.054. If the court determines that the plaintiff is a vexatious litigant, it must order the plaintiff to furnish security for the benefit of the moving defendant in an amount related to the costs and attorney's fees the defendant anticipates incurring in defending the litigation. *See id.* § 11.055. If the plaintiff fails to furnish the court-ordered security by the time set in the order, the court must dismiss the suit. *See id.* § 11.056. The court may also, on its own motion or on the motion of any party, enter a prefiling order prohibiting the plaintiff from filing additional pro se litigation in state court without the permission of the local administrative judge. *See id.* § 11.101(a). We review a trial court's determination that a plaintiff is a vexatious litigant under an abuse of discretion standard. *Harris v. Rose*, 204 S.W.3d 903, 905 (Tex. App—Dallas 2006, no pet.).

Teeters and Owens attached documents from five federal court actions instituted by Appellant to their motion to declare Appellant a vexatious litigant. These documents reveal that all of the five federal proceedings were decided adversely to Appellant within the requisite seven-year period. However, four of the five federal proceedings indicate that they were related at least in part to petitions for habeas corpus proceedings filed by Appellant.[3] Appellant argues on appeal that a habeas corpus proceeding does not qualify as a "litigation" under the

---

[3]Three of the five federal proceedings cited by Teeters and Owens also indicate that Appellant asserted civil rights violations in conjunction with his request for relief by habeas corpus.

4

vexatious litigant statute. Appellant is correct in making this assertion. Section 11.001(2) defines the term "litigations" as used in Section 11.054 to mean only civil actions. CIV. PRAC. & REM. § 11.001(2). The Fort Worth Court of Appeals held in *Walp v. Williams*, 330 S.W.3d 404, 407 (Tex. App.—Fort Worth 2010, no pet.), that habeas proceedings are criminal, not civil, in nature for purposes of determining the number of prior civil litigations commenced by a plaintiff with respect to the vexatious litigant statute.

On behalf of Teeters and Owens, the attorney general acknowledges that habeas proceedings cannot serve as the basis for a vexatious litigant determination. The attorney general attempts to remedy this deficiency by asking this court to take judicial notice of other cases litigated by Appellant. We decline this invitation on the basis that these other cases were not before the trial court and are not part of the appellate record. *See Willmann v. City of San Antonio*, 123 S.W.3d 469, 479 n.6 (Tex. App.—San Antonio 2003, pet. denied) (refusing to consider evidence that was not presented to the trial court); *Clark v. Noyes*, 871 S.W.2d 508, 519 n.5 (Tex. App.—Dallas 1994, no writ) (stating that a court of appeals considers only evidence tendered or admitted at the time of the hearing).

In light of the evidentiary deficiency, the vexatious litigant order should not have been entered. Moreover, a trial court must first conduct an evidentiary hearing before declaring a party a vexatious litigant. CIV. PRAC. & REM. § 11.053(a). The record does not establish that the trial court conducted the required hearing before it determined that Appellant was a vexatious litigant. Consequently, Appellant's second issue is sustained. The order declaring Appellant a vexatious litigant is reversed.

We need not consider Appellant's remaining issues attacking the vexatious litigant order in light of our holding. However, we conclude that the reversal of the vexatious litigant order is not dispositive of the trial court's final judgment

5

dismissing Appellant's claims. In this regard, the final judgment states that it is based on Appellant's failure to comply with the previously entered vexatious litigant order. Nonetheless, even where a trial court gives an incorrect legal reason for its decision, the trial court's assignment of a wrong reason is not automatically reversible error. *Guar. Cnty. Mut. Ins. Co. v. Reyna*, 709 S.W.2d 647, 648 (Tex. 1986). A trial court does not abuse its discretion if it reaches the right result, even where that result is based upon an incorrect legal reason. *In re Estate of Hutchins*, 391 S.W.3d 578, 585 (Tex. App.—Dallas 2012, no pet.). Therefore, when a trial court gives an incorrect legal reason for its decision, we will nevertheless uphold that decision on any proper grounds supported by the record. *Reyna*, 709 S.W.2d at 648; *ISG State Operations, Inc. v. Nat'l Heritage Ins. Co.*, 234 S.W.3d 711, 716 (Tex. App.—Eastland 2007, pet. denied).

Because this is a suit brought by an inmate in a district court in which the inmate filed an affidavit or unsworn declaration of inability to pay costs, the action is governed by Chapter 14 of the Civil Practice and Remedies Code. CIV. PRAC. & REM. § 14.002. "A trial court may dismiss an inmate's lawsuit for failing to comply with the procedural requirements of Chapter 14." *Scott v. Gallagher*, 209 S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Williams v. Brown*, 33 S.W.3d 410, 412 (Tex. App.—Houston [1st Dist.] 2000, no pet.)). "Under Chapter 14, a trial court may also dismiss a lawsuit that is malicious or frivolous." *Id.* (citing CIV. PRAC. & REM. § 14.003). Section 14.003(c) provides that the court may hold a hearing to determine whether dismissal is proper under Chapter 14. While it has the option to hold a hearing, "a trial court's decision on whether to hold a hearing on the dismissal of inmate litigation for failure to comply with the statutes governing such litigation is discretionary." *Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing *Williams*, 33 S.W.3d at 411).

Section 14.004 requires an inmate who files an affidavit or unsworn declaration of inability to pay costs to file a separate affidavit or declaration:

> (1) identifying each action, other than an action under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the action was brought; and

> (2) describing each action that was previously brought by:

> > (A) stating the operative facts for which relief was sought;

> > (B) listing the case name, cause number, and the court in which the action was brought;

> > (C) identifying each party named in the action; and

> > (D) stating the result of the action, including whether the action or a claim that was a basis for the action was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

CIV. PRAC. & REM. § 14.004. "The purpose of Section 14.004 is to curb the constant, often duplicative, inmate litigation, by requiring the inmate to notify the trial court of previous litigation and the outcome." *Clark v. J.W. Estelle Unit*, 23 S.W.3d 420, 422 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). The notice allows the trial court to determine, based on the previous filings, whether the current suit is "substantially similar to a previous claim" making it frivolous. *Id.*

Appellant filed an affidavit in an attempt to comply with Section 14.004 at the same time he filed his original petition. In this initial affidavit, Appellant listed approximately four actions that he had previously instituted pro se in federal courts more than seven years prior to the filing of the underlying suit. He certified in his initial affidavit that the information contained in it was within his personal

7

knowledge and true and correct. However, Appellant did not list in his initial affidavit any of the five federal proceedings cited by Teeters and Owens in their motion to declare him a vexatious litigant. Furthermore, after Teeters and Owens filed their motion (and after the trial court entered the vexatious litigant order), Appellant filed a "Motion to Amend Affidavit Relating to Previous Law Suits Filed by Plaintiff" wherein he listed fourteen actions that he had previously instituted on a pro se basis. Accordingly, Appellant's initial affidavit was false at the time it was made. Section 14.003(a)(3) provides that a court may dismiss a claim, either before or after service of process, if the court finds that "the inmate filed an affidavit or unsworn declaration required by this chapter that the inmate knew was false." We conclude that the trial court did not abuse its discretion in dismissing this suit because Appellant filed an affidavit or unsworn declaration required by Chapter 14 that he obviously knew was false because he omitted at least ten additional actions that he had previously filed.

*This Court's Ruling*

We reverse the trial court's order of March 31, 2010, that declared Appellant to be a vexatious litigant. We affirm the trial court's April 9, 2012 final judgment dismissing Appellant's claims.

PER CURIAM

June 12, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

8