Opinion issued July 11, 2019



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00690-CV

———————————

## IN THE INTEREST OF J.M.G., A CHILD

---

**On Appeal from the County Court at Law No. 2**
**Galveston County, Texas**
**Trial Court Case No. 16FD3374**

---

## MEMORANDUM OPINION

Appellant Thomas Wayne Florence appeals the trial court's dismissal of his suit to deny paternity of J.M.G., a minor, under chapter 160 of the Texas Family Code, which applies to "presumed fathers." We affirm.

## Background

Florence was convicted of sexual assault of a child upon proof that he had engaged in sexual intercourse with A.M.G. when she was 16 years old and he was 40 years old. *See Florence v. State*, No. 01-11-00822-CR, 2013 WL 3957696, at *1 (Tex. App.—Houston [1st Dist.] July 30, 2013, no pet.) (mem. op.; not designated for publication). He was sentenced to 70 years in prison. *Id.* In 2010, A.M.G. gave birth to J.M.G., who is the subject of this suit, and "a DNA test identified appellant as the father of the child." *Id.*

In 2013, this court affirmed Florence's conviction. *Id.* at *10. When he failed to timely file a petition for discretionary review in the Texas Court of Criminal Appeals, this court's mandate issued, and the trial court's judgment of conviction became final. *See In re Florence*, No. 01-15-00295-CR, 2015 WL 2229050, at *1 (Tex. App.—Houston [1st Dist.] May 12, 2015, orig. proceeding) (mem. op.; not designated for publication).

In November 2016, Florence filed an original petition of denial of paternity of J.M.G. under section 160.303 of the Texas Family Code. TEX. FAM. CODE § 160.303. Nobody was served with citation of this petition. Florence filed numerous pleadings and letters with the trial court. The trial court dismissed the case with prejudice, finding in its final judgment of dismissal that the suit was "barred by res judicata and/or by Section 160.607 of the Texas Family Code."

**Analysis**

On appeal, Florence asserts that the court erred by dismissing the case with prejudice. In his first issue, he argues that "structural and cumulative errors" denied him a fair trial. He contends that the court asserted affirmative defenses on behalf of the respondents, who were never served and who never pleaded affirmative defenses. He argues that this showed that the court was not neutral. In his second issue, he argues that the court erred by not rendering judgment on the pleadings in his favor. In his third issue, he challenges the court's failure to rule on motions, such as his motion for a bench warrant and motions for phone conferences. In his fourth issue, he argues that the trial court erred by failing to file findings of fact and conclusions of law. In his fifth issue, he asserts that the court erred by dismissing his case without further development of the facts. In his sixth and final issue, he argues that the court committed harmful error by failing to liberally construe his pro se pleadings. In addition, throughout his brief, he maintains that he was wrongfully adjudicated as the father of J.M.G. in his criminal trial, and he suggests that A.M.G. suffered a miscarriage and J.M.G. does not exist.

We review a trial court's order dismissing a case with prejudice for an abuse of discretion. *See Jackson v. N. Forest Indep. Sch. Dist.*, No. 01-10-00010-CV, 2012 WL 246052, at *3 (Tex. App.—Houston [1st Dist.] Jan. 26, 2012, no pet.).

3

"A court abuses its discretion if it acts without reference to any guiding rules and principles such that the ruling is arbitrary or unreasonable." *Pressley v. Casar*, 567 S.W.3d 327, 333 (Tex. 2019) (per curiam); *see Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). "We must uphold a correct lower court judgment on any legal theory before it, even if the court gives an incorrect reason for its judgment." *Guar. Cty. Mut. Ins. Co. v. Reyna*, 709 S.W.2d 647, 648 (Tex. 1986). We will not reverse a judgment on appeal unless we conclude that the trial court's error "probably caused the rendition of an improper judgment" or "probably prevented the appellant from properly presenting the case to the court of appeals." TEX. R. APP. P. 44.1(a).

A trial court may dismiss an action, before or after service of process, if the court determines that the action is frivolous or malicious. TEX. CIV. PRAC. & REM. CODE § 13.001(a)(2). A claim may be frivolous or malicious when its "realistic chance of ultimate success is slight," when it has "no arguable basis in law or fact," or when the party "cannot prove a set of facts in support of the claim." *Id.* § 13.001(b).

Florence filed suit to deny paternity of J.M.G. under section 160.303 of the Texas Family Code, which provides that a "presumed father of a child may sign a denial of his paternity." TEX. FAM. CODE § 160.303. The Family Code defines a "presumed father" as "a man who, by operation of law under Section 160.204, is

4

recognized as the father of a child until that status is rebutted or confirmed in a judicial proceeding." *Id.* § 160.102(13) (defining presumed father).

"A man is presumed to be the father of a child" in five circumstances. *See id.* § 160.204(a). Three of those circumstances require that the man be married to the mother of the child before the child's birth. *See id.* § 160.204(a)(1)–(3). The fourth circumstance requires that the man (1) marry the mother of the child after its birth and (2) acknowledge paternity in a "record filed with the vital statistics unit," be "voluntarily named" as the father on the child's birth certificate, or "promise[] in a record to support the child as his own." *Id.* § 160.204(a)(4). The fifth circumstance requires that, "during the first two years of the child's life," the man "continuously reside[s] in the household in which the child reside[s] and he represent[s] to others that the child [is] his own." *Id.* § 160.204(a)(5).

Florence does not fit any of those categories, so he is not the presumed father of J.M.G. He was not married to A.M.G. before J.M.G.'s birth. *See Florence*, 2013 WL 3957696, at *2 (referencing testimony from appellant's wife, Wanette, adduced in the criminal trial). He did not marry A.M.G. after J.M.G. was born. He did not continuously live with A.M.G. for two years after J.M.G.'s birth, while representing to others that he was the child's father. *See id.* 2013 WL 3957696, at *1 n.1 (noting briefs filed prior to the second birthday of the child).

5

Chapter 160 of the Texas Family Code permits only a "presumed father" to file a denial of paternity. Under the facts of this case and because appellant did not satisfy the statutory definition of a "presumed father," the trial court could have reasonably concluded that appellant's chance of success was slight, that the claim had no arguable basis in law or in fact, and that he could not prove facts in support of his claim because he did not qualify as a presumed father. *See* TEX. CIV. PRAC. & REM. CODE § 13.001(b). We hold that the court did not abuse its discretion by dismissing the suit with prejudice. *See Jackson*, 2012 WL 246052, at *3.

To the extent that Florence challenged other interlocutory rulings of the trial court, such as its refusal to rule on certain motions, those appellate issues are waived. *See* TEX. R. APP. P. 33.1 (appellant must show that trial court ruled or refused to rule on a motion); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) (pro se litigants are held to the same standards as licensed attorneys); *see also* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to the authorities and to the record.").

We overrule all of Florence's issues. All pending motions are denied.

## Conclusion

We affirm the judgment of the trial court.


Peter Kelly
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.